SOUTHWICK, P.J.,
for the Court:
¶ 1. James Rose brought a negligence action in the County Court of Harrison County against William Clenney. The suit arose from an automobile accident. A jury awarded $1,276.64 in damages; Rose’s request for an additur or new trial was denied. After that judgment was affirmed by the circuit court, Rose has appealed here seeking a grant of an additur or a new trial, and arguing that there was an improper jury instruction. We do not find reversible error and affirm.
FACTS
¶ 2. On July 10, 1994, automobiles driven by Rose and Clenney collided near the intersection of Highway 90 and Interstate 110 in Biloxi, Mississippi. The parties had different recollections as to how the accident occurred and these were fully explained to the jury. The police officer who arrived at the scene was Teresa Carter. Her accident report indicated Clenney’s vehicle was attempting to change lanes and pulled in front of Rose’s vehicle and collided. She stated that Clenney told her he looked behind him but did not see a vehicle before making the lane change.
¶ 3. Neither Rose nor Clenney initially reported any injuries. Both were able to drive their cars away from the scene of the accident. However, the next morning Rose awoke with stiffness and went to Gulfport Memorial Hospital with pain in his head, shoulders and back. After receiving treatment there, he contacted an attorney who referred him to a chiroprac *174 tor, Dr. Stanley Jordan. Rose sought no other medical treatment than that at the hospital and that provided by Dr. Jordan.
DISCUSSION

1. Additur

¶4. The jury’s award was for $1,276.64 in damages. Rose asserts that this amount was insufficient to compensate him even for “uncontested” medical expenses, much less for past pain and suffering, lost wages and other losses. He seeks an additur under this statute:
The supreme court or any other court of record in a case in which money damages were awarded may overrule a motion for a new trial or affirm on direct or cross appeal, upon condition of an addi-tur or remittitur, if the court finds that the damages are excessive or inadequate for the reason that the jury or trier of facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence. If such additur or remittitur be not accepted then the court may direct a new trial on damages only. If the additur or remitti-tur is accepted and the other party perfects a direct appeal, then the party accepting the additur or remittitur shall have the right to cross appeal for the purpose of reversing the action of the court in regard to the additur or remitti-tur.
Miss.Code Ann. § 11-1-66 (Rev.1991). The supreme court has held that a trial judge’s denial of an additur will be upheld unless there was an abuse of discretion. Rodgers v. Pascagoula Pub. Sch. Dist., 611 So.2d 942, 945 (Miss.1992). An appellate court views the evidence in the light most favorable to the appellee, giving all favorable inferences that may be reasonably drawn therefrom. Id. Jury awards will not be “set aside unless so unreasonable as to strike mankind at first blush as being beyond all measure, unreasonable in amount and outrageous.” Id. An additur is only justified when a court finds either the award was influenced by passion, bias or prejudice, or the award was contrary to the overwhelming weight of the evidence. Id. at 944.
¶ 6. The evidence was contested as to fault and to damages. We will discuss the specific comparative negligence instruction in the next section. Comparative negligence directly affects the question of what award if any was minimally required. Depending on the relative size both of the dollar amount of damages and the percentage of fault that the jury assigned to the defendant Clenney, a wide range of appropriate awards was possible.
¶ 6. Testimony from Rose’s treating physician described neck and back pain and what the doctor believed was the likely cause. He treated Rose from July 15 through November 11, 1994. Rose testified that he had suffered from pain that interfered with his employment and personal activities, and that he continued to suffer from lower back pain that interrupted his sleep. Evidence presented by Rose revealed medical bills of $2,353.29.
¶ 7. The jury had to evaluate the credibility of Rose and Dr. Jordan. A doctor testified on Clenney’s behalf that the customary injury from a car accident such as this was muscle soreness and the period of recovery was at most two weeks.
¶ 8. Concerning the claim for lost wages, the evidence was even more disputed. Rose’s testimony that he had never been disciplined by his employer and calculations of how many hours he normally worked — the starting point for how many hours were thereafter lost to injury — were directly contradicted by documentary evidence. Moreover, Rose’s testimony on cross-examination indicates he may have been working with his father in a business enterprise during the time he was claiming he was disabled. Rose claimed lost wages of $2675.00.
¶ 9. Concerning the out of pocket expenses, Rose testified that this entire *175 amount came from calculating, at his attorney’s request, the mileage he traveled when driving to Dr. Jordan’s office for treatment and multiplying the total mileage by $0.30. The resulting expenses were $107.40. The claim for pain and suffering did not specify a certain sum.
¶ 10. The jury was instructed upon comparative negligence in this case. Clenney presented evidence that Rose was speeding because he was late for work and tried to pass him on the right. Rose confirmed that he was late for work because he had been to the hospital with his fiancee the night before. Officer Carter stated Rose told her he had been going over the speed limit. Therefore, the jury heard conflicting evidence on the issues of the degree of physical injury Rose sustained and whether some of any pain and suffering should be attributed to Rose’s negligence. Photographs of each of the two vehicles involved revealed minimal damage.
¶ 11. This evidence indicates considerable material over which the jury could mull, leaving considerable discretion for its verdict. Rose nonetheless contends that because the jury found in his favor, he should have been awarded damages for pain and suffering. A supreme court opinion reversed the denial of a motion for additur because the supreme court found the “evidence regarding physical pain and suffering and permanent disability was never contested or contradicted.” Moody v. RPM Pizza Inc., 659 So.2d 877, 882 (Miss.1995). To the contrary, here the issue of the existence of pain and suffering, or even if there was meaningful physical injury, was disputed.
¶ 12. “The scope of review that this Court employs in considering an additur appeal is limited to ‘determining whether the trial court abused its discretion.’ ” Green v. Grant, 641 So.2d 1203, 1208 (Miss.1994)(quoting Rodgers v. Pascagoula Pub. Sch. Dist., 611 So.2d at 945). There were credibility choices to be made by the jury. We do not find this verdict to be one as would “strike mankind at first blush as being beyond all measure, unreasonable in amount and outrageous,” and therefore we find no merit to the issue of an additur.

2. Jury instruction

¶ 13. Rose contends that the trial court erred in giving instruction D-7 on comparative negligence. This instruction was offered by Clenney. The judge indicated that he would like to present the issue by interrogatory, but the plaintiff had no such instruction and therefore D-7 was granted. Rose argues that it is an legally insufficient instruction and the defendant should have had a different one. The instruction, however, is a Mississippi model jury instruction on comparative negligence[1] that has been used in many cases. Though criticized, it has been prohibited in none that we have discovered. E.g., General Motors Corp. v. Pegues, 738 So.2d 746 (¶38) (Miss.App.1998). Rose’s complaint is two-fold: 1) the instruction did not set out what negligence Rose could have caused in the accident, and 2) the instruction did not require the jury to state what percentage of comparative negligence it assigned to Rose.
¶ 14. Instruction D-7 required that if the jury found both Clenney and Rose had been negligent, and both parties were the proximate cause of the accident and resulting injury and damage, then the jury must apportion damages by the following method:
1. Determine the proportion that [Rose’s] causal negligence bears to the causal negligence as a whole, as a part or a percentage of 100% ...;
2. Multiply the sum of money you determined as [Rose’s] damages by the percentage figure representing the proportion of [Rose’s] causal negligence;
*176 3. Subtract the results of your multiplication from the sum you first determined to be [Rose’s] damages;
4. Return a verdict in that amount for [Rose].
¶ 15. As Rose asserts in his brief, the supreme court has held that “an instruction charging negligence or contributory negligence must define those acts which would constitute such.” Trainer v. Gibson, 360 So.2d 1226, 1228 (Miss.1978). However, that case also stated that if another instruction provided the definition and facts which would constitute negligence, the error would be harmless. Id. In the present case three other instructions, P-3, P-5 and D-5, all set forth facts asserted that would support negligence of the parties. That is sufficient.
¶ 16. Additionally, Rose asserts that the instruction had to require the jury to disclose in its verdict which percentage of negligence it attributed to Rose. A form of verdict that requires this statement of percentage is specifically authorized under Mississippi Rule of Civil Procedure 49(b). Pham v. Welter, 542 So.2d 884, 887 (Miss.1989). Still, the supreme court has not found error when damage awards do not specifically state what percentage of fault is attributed to a plaintiff or defendant in comparative negligence cases. Leach v. Leach, 597 So.2d 1295, 1298-99 (Miss.1992).
¶ 17. The principal authority relied upon by Rose is a case in which the instruction found to be erroneous was not similar to the detailed explanation for calculating fault that appears in instruction D-7. Vines v. Windham, 606 So.2d 128 (Miss.1992). For example, “[n]owhere do the instructions explain the principle of proportional awards.” Id. at 133. There simply was nothing approximating the model instruction that was used here.
¶ 18. We find the denial of an additur, and the use of this instruction, both to have been proper.
¶ 19. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, AND PAYNE, JJ„ CONCUR.
THOMAS, J., NOT PARTICIPATING.

. Mississippi Judicial College, Mississippi Model Jury Instructions — Civil, MJI 36.08 (1998).