# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-00911-SCT

*SCOTT PRATHER TRUCKING, INC.*

*AND BENTON T. STEVENSON*


v.

*OCEAN D. CLAY, A MINOR,*

*BY AND THROUGH HER MOTHER*

*AND NEXT FRIEND, DIANE SANDERS*


| | |
|---|---|
| DATE OF JUDGMENT: | 5/10/2001 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | JOHN EVANS GOUGH |
| | LAURA A. HENDERSON-COURTNEY |
| | J. TUCKER MITCHELL |
| | EDWARD J. CURRIE |
| ATTORNEYS FOR APPELLEE: | JAMES W. NOBLES |
| | TRAVIS T. VANCE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 05/02/2002 |
| MOTION FOR REHEARING FILED: | 5/16/2002; denied 7/25/2002 |
| MANDATE ISSUED: | 8/1/2002; recalled and amended to award statutory damages 8/22/2002; amended 8/30/2002 |


**BEFORE McRAE, P.J., WALLER AND GRAVES, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**


¶1. This case arose from injuries sustained by Ocean D. Clay when her vehicle and a tractor-trailer driven

by Benton T. Stevenson and owned by Scott Prather Trucking, Inc., were involved in a collision. Prather and Stevenson confessed liability. After a trial on damages only, the jury awarded Clay $35,800 for her injuries, and judgment was entered on that verdict. Upon Clay's motion, the trial judge granted an additur of damages from the original $35,800 to $150,000. Prather and Stevenson appeal from this order. We affirm the additur.

## FACTS AND PROCEDURAL HISTORY

¶2. Clay was driving a pickup and was attempting to make a left-hand turn off State Highway 27 south of the Natchez Trace overpass when she was struck by Stevenson, who was driving an approximately 78,000 pound tractor trailer, and who was attempting to pass her. The tractor trailer struck the pickup on the driver's side, causing it to flip. As a result, Clay lost her two front teeth and suffered a partially deflated lung, a bruised heart, and a fractured left foot.[1] Stevenson admitted liability for the collision, and Prather admitted that Stevenson was acting within the course and scope of his employment.

¶3. During the trial on damages only, Daniel Dare, M.D., an orthopaedic surgeon, testified that he had treated Clay for her fractured foot. Dr. Dare concluded that she had a permanent partial impairment rating of twelve percent to the left lower extremity and would probably develop arthritis over the years. Clay testified that she experienced difficulty standing and frequent swelling, and that, because the hairline fractures in her foot could not be surgically repaired, her condition would not improve.

¶4. Janet Fisher, D.D.S., treated Clay for her missing front two teeth.[2] Clay was fitted with implants and crowns mounted to the bone of her mouth. Dr. Fisher recommended that Clay should have the implants checked every three months for the rest of her life. Such maintenance would cost $200 to $400 per year.

¶5. Dr. Robert Rives, a periodontist, treated Clay's gum tissue which had yet to recover after the installation of the implants. Dr. Rives concluded that it was possible that Clay would need further care in the future.

¶6. In all, Clay sustained $24,413.22 in past medical expenses and $800 in lost wages. While the extent of future medical services was disputed, Clay's experts testified that she could expect to pay $24,000 in future care and dental treatment. The jury awarded $35,800 in damages, and judgment was entered on that verdict. Clay filed a Motion for Judgment Notwithstanding the Verdict, in the Alternative for an Additur, or in the Alternative for a New Trial on Damages Only. Clay contended that the verdict was the product of bias, passion, and prejudice and that the jury ignored the evidence. According to Clay, the verdict did not include all of the money she would need for future medical care, much less damages for pain, suffering, and mental anguish, or damages for loss of enjoyment of life.

¶7. After a hearing, the trial judge granted an additur of $114,200, awarding a total of $150,000. It is from this order that Prather and Stevenson appeal.

## DISCUSSION

¶8. We review an additur granted by a trial judge for abuse of discretion. ***Rodgers v. Pascagoula Pub. Sch. Dist.***, 611 So. 2d 942, 945 (Miss. 1992) (citing ***State Highway Comm'n v. Warren***, 530 So. 2d 704, 707 (Miss. 1988)).

### WHETHER THE TRIAL JUDGE ABUSED HIS DISCRETION WHEN HE GRANTED AN ADDITUR AND SET ASIDE THE JURY VERDICT.

¶9. Prather and Stevenson's only contention on appeal is the propriety of the additur granted by the trial judge. When a plaintiff is awarded an additur, the defendant has three options: (1) reject the additur and have the case retried on damages only, (2) appeal on grounds that the trial court abused its discretion, or (3) accept the additur and pay the judgment. *Odom v. Roberts*, 606 So. 2d 114, 121 (Miss. 1992). Both this Court and a trial court are empowered to grant remittiturs or additurs if the damages are excessive or inadequate for the reason that the jury or trier of the facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence. Miss. Code Ann. § 11-1-55 (1991).

¶10. A plaintiff has the burden of proving damages, injuries, and loss of income. When determining whether that burden has been met, the evidence is to be viewed in the light most favorable to the party in whose favor the jury decided. *Odom*, 606 So. 2d at 118 (citing *Motorola Communications & Elecs., Inc. v. Wilkerson*, 555 So. 2d 713, 723 (Miss. 1989)). That party is given all favorable inferences that can reasonably be drawn from that evidence. *Id.* If that evidence is contradicted, we "will defer to the jury, which determines the weight and worth of testimony and the credibility of the witness at trial." *Id.*

¶11. The facts of this case parallel those found in *Rodgers v. Pascagoula Pub. Sch. Dist.*, 611 So. 2d 942 (Miss. 1992). Michael Rodgers was injured when the car in which he was riding with his sister was sideswiped by a Pascagoula Public School District school bus. *Id.* at 943. Rodgers's vehicle sustained $4,800 in damage. *Id.* During the accident, Rodgers's body and head were thrown against the right front window of the vehicle. *Id.* After a physical examination and x-rays, Rodgers was found to have a contusion on the right side of his head. *Id.* He experienced headaches and back and neck pain for a week following the accident. *Id.* Rodgers was later diagnosed with post-traumatic headaches and an acute lumbar spine sprain. *Id.* at 944. A psychiatrist concluded that Rodgers sustained a forty percent vocational impairment. *Id.*

¶12. The jury awarded Rodgers $11,765.50, the exact amount of his medical expenses. *Id.* As in this case, Rodgers argued that the meagerness of the award when contrasted with the other actual damages he suffered evinced bias, passion, and prejudice on the jury's part. *Id.* at 945. We agreed and, in granting an additur of $11,765.50, held that

> While there is dispute as to the extent of injuries that Rogers [sic] received, there is no dispute in the record that Rodgers did suffer from some pain, even if only headaches, and that Rogers [sic] did experience some type of headache, even if only a contusion. *A jury verdict awarding damages for medical expenses alone is against the overwhelming weight of evidence.* Rodgers put on proof that his damages included not only medical expenses but also some pain and suffering.

*Id.* at 945-46 (emphasis added). *See also Pham v. Welter*, 542 So. 2d 884 (Miss. 1989); *Matkins v. Lee*, 491 So. 2d 866 (Miss. 1986); *City of Jackson v. Ainsworth*, 462 So. 2d 325 (Miss. 1984); *Biloxi Elec. Co. v. Thorn*, 264 So. 2d 404 (Miss. 1972).

¶13. Here, the verdict for Clay was clearly contrary to the overwhelming weight of the credible evidence. First, past medical expenses and lost wages were stipulated to be $24,413.22. The need for future dental care expenses of $24,000 was undisputed, though Clay's utilization of services was questioned. Secondly, the amount of the verdict indicates the jury ignored Clay's foot injury which Clay's physician concluded left Clay with a twelve percent permanent partial impairment to the left lower extremity. Thirdly, though Clay

has been fitted with a dental prosthesis, this attractive young lady must go the rest of her life permanently disfigured with the loss of her front teeth. Finally, compensation for pain and suffering and loss of enjoyment of life was clearly left out of the verdict. Besides the loss of teeth and fractured left foot, Clay suffered a partially deflated lung and bruised heart treated during six days of hospitalization with medical followup. She will have to deal with limitations on standing as well as swelling and the probable development of arthritis because of the left foot fracture. Such limitations may affect future career paths.

¶14. While we might not have chosen the precise figure added by the trial judge, we cannot say under the facts of this case that he abused his discretion in granting this additur.

## CONCLUSION

¶15. We are very cognizant of the deference we are to afford jury verdicts in personal injury cases. However, given the extent of Clay's injuries, past medical expenses, lost income, pain and suffering, future medical needs, and permanent disability, the jury's award of $35,800 was clearly contrary to the weight of the credible evidence of Clay's damages. We affirm the order of the trial court awarding Clay an additur of $114,200 for a fixed judgment of $150,000.

¶16. **AFFIRMED.**

**PITTMAN, C.J., McRAE AND SMITH, P.JJ., DIAZ, EASLEY, CARLSON AND GRAVES, JJ., CONCUR. COBB, J., NOT PARTICIPATING.**

1. Clay's future husband, Bruce Odom, also sustained injuries in the collision. However, only the granting of an additur to Ocean Clay is at issue on this appeal.

2. Dr. James E. Ruggles, an oral surgeon, performed surgery to remove the teeth, but he did not testify.