948 So.2d 431 (2006)
Penelope Ann PAYNE, Appellant
v.
Max D. WHITTEN, Appellee.
No. 2004-CA-01905-COA.
Court of Appeals of Mississippi.
February 7, 2006.
Rehearing Denied May 16, 2006.
*433 Gerald W. Chatham, Hernando, attorney for appellant.
Amanda Benefield Quave, William C. Griffin, Frances R. Shields, Jackson, attorneys for appellee.
Before MYERS, P.J., BARNES and ISHEE, JJ.
MYERS, P.J., for the Court.
¶ 1. On April 13, 2004, the Circuit Court of Tate County returned a verdict in favor of Payne, but found her guilty of contributory negligence and assigned her thirty percent of fault and awarded her damages in the amount of $20,000. On June 14, 2004, the circuit court entered the judgement on the jury verdict. On June 24, 2004, Payne filed her motion for new trial and/or, in the alternative, an additur. The circuit court overruled this motion on September 17, 2004. Aggrieved by the trial court's ruling, Payne appeals to this Court raising the following three issues:
I. WHETHER OR NOT THE AMOUNT OF THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND AN ADDITUR SHOULD HAVE BEEN AWARDED.
II. WHETHER OR NOT THE TRIAL COURT ERRED IN NOT AWARDING PAYNE A MISTRIAL BASED ON THE ANSWERS OF WHITTEN ON CROSS-EXAMINATION AND IN NOT AWARDING SANCTIONS FOR WILLFUL VIOLATION OF DISCOVERY RULES.
III. WHETHER OR NOT THE TRIAL COURT ERRED IN NOT INSTRUCTING THE JURY TO DISREGARD THE TESTIMONY OF WHITTEN CONCERNING THE CAUSE OF THE ACCIDENT OUTSIDE OF THE INTERROGATORY AND DEPOSITION ANSWERS.

FACTS
¶ 2. On March 17, 2001, Max Whitten was driving a Chevrolet truck down Veazey Road in Tate County, Mississippi. Whitten overcompensated in turning the truck to the right, and as a result the truck went off the edge of the road and rolled approximately three times. Penelope Ann Payne was a passenger in Whitten's truck when the accident occurred. On December 14, 2002, Payne filed a complaint against Whitten regarding this accident. Normal discovery occurred such as interrogatories and depositions. Whitten was called as an adverse witness by Payne at the trial. He testified that neither he nor Payne were wearing a seatbelt at the time of the accident, and when asked what Payne was doing prior to the accident he testified that Payne was not in her seat just prior to the accident. Whitten testified that he and Payne were kissing/"necking" a few seconds before the accident. Payne asserts that Whitten did not mention this in either the interrogatories *434 or at his deposition. Whitten contends that the trial was the first time Payne's attorney had asked him what Payne was doing just prior to the accident. Payne's attorney introduces both Whitten's deposition and interrogatories, over counsel's objections, into evidence for the jury to examine.
¶ 3. Payne's attorney requested a mistrial along with sanctions against Whitten's attorneys for violation of discovery matters. Whitten's attorney argued that Payne's attorney failed to ask Whitten direct questions regarding the actions of Payne prior to the accident. After hearing these arguments, the trial court denied Payne's motion for a mistrial and for sanctions. On April 13, 2004, the jury returned a verdict with Whitten seventy percent at fault and Payne thirty percent at fault and awarding Payne damages in the amount of $20,000.

DISCUSSION
¶ 4. We have decided it is sufficient to discuss all three issues together, since the analysis tends to overlap. Payne contends that the jury returned an inadequate verdict based upon the facts presented during trial. She goes further to state that the trial court should have granted a mistrial as a result of Whitten's testimony which was allegedly different than his previous testimony during discovery, and that the trial court should have instructed the jury to disregard Whitten's testimony concerning the cause of the accident. Whitten argues that the jury's verdict was based upon the totality of the evidence presented, and goes further to state that Payne's credibility was severely impeached as to the severity of her injuries since most were reflected by her subjective complaints with no objective findings to support this. Whitten takes the position that his testimony did not change at trial; however, at trial was the first time Payne's attorney asked a direct question regarding the location of Payne prior to the accident.

STANDARD OF REVIEW
¶ 5. This Court's standard of review regarding a trial court's grant or denial of an additur, the denial of a motion for mistrial and the admission or exclusion of evidence is abuse of discretion. Illinois Cent. R. Co. v. Hawkins, 830 So.2d 1162, 1181 (¶ 54) (Miss.2002); Yoste v. Wal-Mart Stores, Inc., 822 So.2d 935, 936 (¶ 7) (Miss. 2002); Maddox v. Muirhead, 738 So.2d 742, 743 (¶ 5) (Miss.1999); Rodgers v. Pascagoula Public School Dist., 611 So.2d 942, 945 (Miss.1992);

DISCUSSION
¶ 6. The Mississippi Code Annotated grants all courts of record the authority to overrule a motion for new trial or affirm on direct or cross appeal upon the condition of an additur, if the court finds that the damages are inadequate and are against the overwhelming weight of the credible evidence. Mississippi Code Annotated § 11-1-55 (Rev.2002). The party seeking the additur has the burden of proving his injuries, loss of wages and all other damages. Maddox, 738 So.2d at 743 (¶ 5). The evidence is viewed in the light most favorable to the defendant. Id. Awards which are set by juries are not merely advisory and usually will not be set aside unless the award is so unreasonable as to strike mankind as being beyond all measure, unreasonable in amount and outrageous. Rodgers, 611 So.2d at 945. The amount of damages awarded is a question for the jury. South Cent. Bell Telephone Co. Inc. v. Parker, 491 So.2d 212, 217 (Miss.1986). "Additurs represent a judicial incursion into the traditional habitat of the jury, and therefore should never be *435 employed without great caution." Gibbs v. Banks, 527 So.2d 658, 659 (Miss.1988).
¶ 7. Payne states that she did prove her damages, and that the jury relied upon evidence which was not credible. Payne claims that the testimony of Whitten regarding the "kissing incident" should have been excluded, since he did not mention this in his responses to interrogatories or in his deposition. The following was included in these interrogatories:
Interrogatory No. 10: Describe in your own words how the collision occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which this contention is based.
Response: The accident happened when I was headed east on Veazey-Smith Road which is a 2-lane road made of white rock and tar. As I started up a hill, I got over to the left, and then overcorrected my position in the road and went onto the right shoulder of the road which gave way causing the right front of my vehicle to drop.
Whitten never mentioned anything about the "kissing incident" or Payne contributing to the cause of the collision even though he pleaded contributory negligence in his answer. Also through numerous questions at his deposition, Whitten did not mention the "kissing incident" or Payne's contribution. However, at trial after Whitten was asked what Payne was doing immediately prior to the accident, he testified that Payne was not in her seat at the time of the incident, and that immediately before the accident Payne was kissing Whitten.
¶ 8. Mississippi Rules of Civil Procedure 37 deals with sanctions imposed for discovery violations. M.R.C.P. 37(e) goes further to say that the court may impose such sanctions as may be just. Payne argues that Whitten's responses were wilfully false and misleading, and Whitten takes the position that he was never asked, prior to the trial, what Payne was doing before the accident.
¶ 9. When this Court reviews a decision that is within the trial court's discretion, it first must decide if the court below applied the correct legal standard. Wood ex rel. Wood v. Biloxi Public Sch., 757 So.2d 190, 192 (¶ 8) (Miss.2000). If the trial court applied the correct legal standard, then this Court will affirm the ruling of the trial court unless there is a firm conviction that the court below committed a clear error of judgment in reaching its conclusion. Scoggins v. Ellzey Beverages, Inc., 743 So.2d 990, 996 (¶ 27) (Miss.1999).
¶ 10. In the most extreme circumstances regarding discovery violations, the court sanctions the violating party by dismissing the case. However that would be an insufficient remedy in the present case, since the defendant is the violating party. Therefore, Payne has requested an additur. In Pierce, the Mississippi Supreme Court adopted the Fifth Circuit's holding in Batson v. Neal Spelce Associates. Inc., 765 F.2d 511, 514 (5th Cir.1985) in evaluating the appropriateness of dismissal as a sanction for discovery violations. Pierce v. Heritage Properties Inc., 688 So.2d 1385, 1389 (Miss.1997). Basically dismissal is only authorized when a party wilfully or in bad faith fails to comply with the court's order, and it is only proper in situations where the deterrent value of M.R.C.P. 37 cannot be achieved by a less drastic sanction. Id. Another consideration is whether or not the other party's preparation for trial was substantially prejudiced. Id. Dismissal may not be appropriate when the neglect is attributable *436 to the attorney, or when a party's negligence is based upon confusion or sincere misunderstanding. Id. The court noted in Pierce that the plaintiff repeatedly was untruthful in her sworn discovery statements. Id. The court must focus on the intentional nature, and pattern of the plaintiff's conduct. Id at 1389.
¶ 11. Dismissing this case would not be a deterrent since the defendant's untruthful conduct is the one in question. However, we do not find that Whitten's actions require granting Payne an additur. Damage awards are within the domain of the jury, we will only order an additur with great caution, when the jury award is so unreasonable in amount and is outrageous. Renfroe v. Berryhill, 910 So.2d 624, 630 (¶ 28) (Miss.Ct.App.2005). In the present case, the trial judge stated that this situation was not unusual or severe, and went further to assert that this simply could be a variation in testimony. There was no pattern of misrepresentations throughout discovery. Whitten did plead contributory negligence, in both his answer to the complaint and responses to interrogatories. In his answer, Whitten states that he was partially or even mostly at fault. However, Whitten never elaborates on his contributory negligence claim during discovery even though he was asked about his claim. Whitten waits until he is testifying at trial before he asserts that Payne was partially negligent as a result of her actions prior to the accident, and this testimony resulted in a discovery violation.
¶ 12. Payne asserts that it was in error for the trial court to present a jury instruction regarding comparative negligence. However, both parties have a right to jury instructions on all material issues presented in the pleadings and into evidence. Glorioso v. Young Mens Christian Ass'n of Jackson, 556 So.2d 293, 295 (Miss.1989). Whitten pleaded to comparative negligence in his answer, and evidence was presented at trial for the jury to determine the division of the negligence. The trial judge even stated that Whitten said he was liable but not one hundred percent. However, we do find that the untruthfulness in Whitten's interrogatories is sufficient to warrant a new trial. Therefore, the judgment of the Tate County Circuit Court is reversed, and the present case is remanded to the trial court for trial.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., CHANDLER, BARNES AND ISHEE, JJ., CONCUR. GRIFFIS, J. DISSENTING WITH SEPARATE WRITTEN OPINION JOINED BY LEE, P.J. AND IRVING, J. SOUTHWICK AND ROBERTS, JJ., NOT PARTICIPATING.
GRIFFIS, J., Dissenting:
¶ 14. I respectfully dissent from the majority's decision.
¶ 15. The majority finds that the untruthfulness of Whitten's interrogatory answers is sufficient to grant a new trial. I do not find evidence to support that conclusion. Quite frankly, this case presents us with a unique and problematic question. The offending testimony was actually part of the question asked by Payne's attorney during the cross-examination of Whitten. Indeed, had Whitten offered this testimony on direct, the trial court would have been correct to determine it was inadmissable. We must consider all of the circumstances to determine whether the trial judge should be reversed for not granting a mistrial.
*437 ¶ 16. Our standard of review is that it is within the sound discretion of the trial judge to grant or deny a motion for a mistrial. For us to reverse the trial judge's failure to grant a mistrial requires that we find he abused his discretion. Blocker v. State, 809 So.2d 640, 643 (Miss. 2002); Bass v. State, 597 So.2d 182, 191 (Miss.1992). Here, the trial judge ruled:
I see it as a credibility question and not a very severe one at that. This is not unusual. I have tried lots of cases, and I have never seen cases tried doing the exact script. There's going to be variations in testimony, and that's all I see here.
I think, Mr. Chatham, you impeached him with his interrogatory yesterday, you got it into evidence; and with the deposition testimony, certainly I don't see anything here that would warrant the Court to consider a mistrial or sanctions. I don't know, it's just to me a routine problem of some minor statute that comes up often in lawsuits. You can't follow a script in a trial of a case, and the human factor comes out when people say things differently, remember things differently or purposefully add to or take away.
¶ 17. In his answer, Whitten raised two affirmative defenses that asserted contributory negligence by Payne. The majority quotes Whitten's interrogatory answer, where he only answered one of the two questions that were posed in interrogatory number 10.[1] I cannot conclude that the answer was untruthful, as the majority contends. Instead, Whitten's interrogatory response could be considered as either incomplete or evasive. Thus, under Rule 37(a)(3) of the Mississippi Rules of Civil Procedure, Whitten's response could have been treated as a failure to answer. The appropriate action for the failure to answer would be a motion to compel under MRCP 37(a)(2). In addition, Payne had an opportunity to ask Whitten questions in his deposition. Payne did not ask any questions about the contributory negligence defenses or the incomplete interrogatory answer.
¶ 18. In arguing the motion before the trial judge, Payne claims "[t]his testimony was a complete surprise to the plaintiff." The trial judge rejected this contention and determined that it was an issue of credibility of the witness. Indeed, the trial judge determined that Payne opened this door during his cross-examination and used this testimony to contrast Whitten's earlier deposition testimony where the "kissing incident" was not revealed. We must consider the testimony and the manner by which it was offered.
¶ 19. Whitten was the second witness called by Payne. He was called as an adverse witness, which allowed for Payne's counsel to cross-examine him. The import is that Payne's counsel was able to ask leading questions. M.R.E. 611(c). The following testimony of Whitten is at issue:
BY MR. CHATHAM: The entire time from the time you left the Back Tracks until the accident, were you driving?
BY WHITTEN: Yes, sir.
BY MR. CHATHAM: What was Penny doing?
BY WHITTEN: She was a passenger on the passenger's side seat. Well, actually it was bucket seats.
BY MR. CHATHAM: Bucket seats?

*438 BY WHITTEN: Yes, sir.
BY MR. CHATHAM: Was she in her seat and you in your seat?

BY WHITTEN: Most of the way.

BY MR. CHATHAM: Most of the way. What do you mean?
BY WHITTEN: Up until just before the accident, she was
BY MR. CHATHAM: What happened?

BY WHITTEN: She was kind of on the console toward my side.

BY MR. CHATHAM: Why?
BY WHITTEN: Why?
BY MR. CHATHAM: Uh-huh.
BY WHITTEN: You would have to ask her that, I don't know.

BY MR. CHATHAM: Well, I mean was she making romantic advances toward you?

BY WHITTEN: Something like that.

BY MR. CHATHAM: What are you trying to imply here, sir?

BY WHITTEN: I'm trying to answer the question.
BY MR. CHATHAM: Well, that's what I'm asking you. What was she doing?

BY WHITTEN: I guess kissing would be the best answer for that.

BY MR. CHATHAM: Well, did y'all kiss?
BY WHITTEN: Yes.
BY MR. CHATHAM: Okay. And is that it? Is that what caused you to wreck? Y'all were kissing and ran off the road?
BY WHITTEN: No. She had gotten back over to her side finally after I asked her to a couple of times.

BY MR. CHATHAM: Say what, sir?
BY WHITTEN: After I had asked her to get back over to her side a couple of times, she finally did.
BY MR. CHATHAM: Okay. All right. So how long after that did you have the wreck?
BY WHITTEN: Not very long at all; it was probably less than ten seconds.
BY MR. CHATHAM: All right. Why did the car run off the roadthe truck run off the road?
BY WHITTEN: Why did the truck run off the road?
BY MR. CHATHAM: Yes, sir.
BY WHITTEN: I got over to the left while I was distracted, and when I corrected, I overcorrected and got over to the right too far.
BY MR. CHATHAM: While you were distracted? Do you mean while you were kissing?
BY WHITTEN: Yes, sir.
BY MR. CHATHAM: And then you pulled the car back over?
BY WHITTEN: Uh-huh.
(Emphasis added).
¶ 20. The testimony of the "kissing incident" was introduced by and solely attributable to the words used by Payne's counsel during his cross-examination of Whitten. Mr. Chatham asked the question "Well, I mean was she making romantic advances toward you?" The question posed suggests that the answer was yes. It was Payne's counsel, through his question that suggested that Payne was involved in a romantic encounter with Whitten just before the accident. In Flowers v. State, 773 So.2d 309, 326(¶ 58) (Miss. 2000), the supreme court held that "counsel must have a good faith basis for any question asked on cross-examination. . . ." I am of the opinion that the evidence that Payne seeks to use as the basis for a mistrial is in fact evidence that came directly from her counsel suggesting the answers to Whitten.
*439 ¶ 21. Whitten's testimony ended the first day of the trial. The following morning, Payne's counsel made a motion for a mistrial and sanctions for the willful non-disclosure of material and relevant information concerning the cause of the accident. The trial judge denied the motion and rejected Payne's argument that this testimony constituted a discovery violation. Based on the arguments in the record, it appears that the trial judge believed that there was adequate notice of the "kissing incident" either through the pleadings or through Whitten's deposition. It follows that the trial judge determined that Payne had sufficient notice that Whitten would claim Payne contributed to the accident. The trial judge found that this was simply a credibility question.
¶ 22. Based on how the testimony was elicited, I am of the opinion that it was not an abuse of discretion for the trial judge to admit the evidence. Thus, I would affirm the jury's verdict.
LEE, P.J. AND IRVING, J., JOIN THIS SEPARATE OPINION.
NOTES
[1] Rule 33 of the Mississippi Rules of Civil Procedure governs interrogatories. Rule 33(a) provides that "[e]ach interrogatory shall consist of a single question." Payne's interrogatory number 10 certainly asked more than one question. Although often ignored by litigants, this is an important part of the discovery rules, and it should be enforced.