ISHEE, J.,
for the Court:
¶ 1. This appeal arises from a December 14, 2010 order of the Madison County Circuit Court granting the Appellees’ motion for an additur in the amount of $73,701.82. On appeal, the Appellants argue the trial court erred in granting the additur. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On July 30, 1996, J. Criss Builder Inc. (JCB) purchased a lot in Madison County, Mississippi. JCB was subsequently granted a building permit to erect a residence on the lot. Although JCB as a corporation did not have a residential builder’s license, Janie Criss, the sole owner of JCB, had a residential builder’s license in her individual capacity and oversaw construction of the home. On November 21, 1996, JCB conveyed the lot and the completed home to Criss, individually. Shortly thereafter, JCB requested and received a final inspection of the home. Criss used the home as a personal residence during which time she applied for homestead tax exemption. On February 17, 1997, Criss sold the home to William and Patricia White (the Whites). Several years after the Whites acquired the property, a crack developed in the foundation. Upon inspection of the foundation, soil testing revealed the house was built upon soil containing Yazoo clay. In 2007, the Whites had the crack in the foundation repaired. They also repaired damage to the house that resulted because of the foundation work. According to expert testimony, the value of the house diminished as a result of the repairs.
¶ 3. On February 12, 2003, the Whites filed a complaint against JCB, Criss, and Bailey Engineering and Land Surveying LLC (Bailey) alleging breach of warranty, negligence, and failure to disclose. Bailey was later dismissed as a party. JCB and Criss filed a motion for summary judgment, arguing the statute of limitations had expired. Their motion for summary judgment was denied and a jury trial began on February 26, 2008. At the close of trial, the jury returned a verdict in favor of the Whites in the amount of $30,000. The Whites then filed a motion for an additur or, alternatively, a new trial on damages. The trial judge granted an additur and awarded total damages in the amount of $103,701.82.
¶ 4. From that ruling JCB and Criss appealed, arguing, among other claims, the trial court erred by granting an additur. On appeal, this Court remanded the case to the trial court to reinstate the jury’s verdict or provide adequate findings to support the additur. J. Criss Builder, Inc. v. White, 35 So.3d 541, 546 (¶ 17) (Miss.Ct.App.2009). On remand, the trial court again granted the additur. From that ruling, JCB and Criss now appeal.
DISCUSSION
¶ 5. In their sole issue on appeal, JCB and Criss argue the trial court erred by granting an additur. They assert that the trial court’s findings are not adequate to support an additur and that the additur intrudes upon the province of the jury. *31 Pursuant to Mississippi Code Annotated section 11-1-55 (Rev.2002), the trial court may grant an additur “if the court finds that the damages are excessive or inadequate for the reason that the jury or trier of the facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence.”
¶ 6. The standard of review for a grant or denial of an additur is abuse of discretion. Rodgers v. Pascagoula Pub. Sch. Dist., 611 So.2d 942, 945 (Miss.1992) (citation omitted). Jury awards “are not merely advisory and will not under the general rule be set aside unless so unreasonable in amount as to strike mankind at first blush as being beyond all measure, unreasonable in amount[,] and outrageous.” Id. (citations omitted). To set aside a jury award the trial court must comply with the language of the statute and find: “(1) the jury’s verdict is so shocking to the conscience that it evinces bias, passion, and prejudice on the part of the jury; or (2) the verdict is contrary to the overwhelming weight of the credible evidence.” White, 35 So.3d at 546 (¶ 16) (citing State Highway Comm’n of Miss. v. Warren, 530 So.2d 704, 707 (Miss.1988)). “Absent either of these findings, the trial court [has] abuse[d] its discretion.” Id.
¶ 7. In this case, the trial judge did not merely substitute his opinion regarding damages for that of the jury. The jury failed to take into account credible evidence of compensable damages. The Whites presented testimony from a variety of experts. The testimony established the cause of the cracks in the foundation and the costs incurred to repair the cracks. Expert testimony was also presented regarding the diminution of the home’s value. While JCB and Criss’s trial counsel effectively cross-examined the Whites’ experts, JCB and Criss failed to present any expert testimony or credible evidence to show the amounts were incorrect or unreasonable. It is clear from the amount awarded that the jury failed to consider the evidence provided by the Whites and ignored the overwhelming weight of the credible evidence when awarding damages. Thus, the trial court did not abuse its discretion in granting an additur.
¶ 8. Furthermore, the trial judge included specific findings in the order granting the additur. The Whites sought damages in the amount of $31,233 for the cost of foundation repair; $50,000 for diminution of the home’s value; and $31,989.23 for repairs done to the house after the foundation work had been completed. The trial judge found the Whites proved by a preponderance of evidence that the cost of the foundation repairs totaled $31,233, and the diminution in the value of the residence totaled $50,000. However, the trial judge reduced the claim for repairs to the house done after the foundation work was completed. Some costs that were called into question included the deck lighting, the deck extension, and the hardwood floors. The trial judge .reduced the additur amount by $935 for the fighting on the outside deck. He also reduced the amount by $2,000 for a portion of the deck’s cost. The trial judge reduced the additur amount because the original deck did not have lights and the new deck is larger than the original deck. Furthermore, because the Whites used a more expensive type of wood during repairs than was required to repair the floor adequately, the trial judge reduced the additur amount by $6,585.41 for the new hardwood floors. Thus, the trial judge granted a total of $22,468.82 for repairs made to the house after the foundation work had been completed. After reducing the claim, the trial judge granted an additur in the amount of $73,701.82 for a total award of damages of $103,701.82. *32 The trial judge provided adequate findings to support the granting of an additur. Accordingly, this issue is without merit.
¶ 9. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, dP.JJ., BARNES, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.