527 So.2d 658 (1988)
Robert GIBBS
v.
Carey Lee BANKS.
No. 57744.
Supreme Court of Mississippi.
May 25, 1988.
Rehearing Denied July 20, 1988.
*659 John B. MacNeill, W. Sanders Carter, Jr., Heidelberg, Woodliff & Franks, Jackson, for appellant.
Mel J. Breeden, Jr., Marble & Chance, Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ANDERSON and GRIFFIN, JJ.
ANDERSON, Justice, for the Court:
This is an appeal from a ruling of the Circuit Court of Hinds County, whereby the trial judge denied Banks' motion for a new trial in this personal injury case provided appellant Robert Gibbs would accept a $12,700 additur in favor of Banks. Gibbs appeals only as to the additur under the provisions of Mississippi Code Annotated, Section 11-7-213 (Supp. 1987).
On the night of May 18, 1983, Miles Wonsley was driving on U.S. Highway 49 some ten miles south of Yazoo City. His vehicle was a tractor with a bush-hog attached behind. Perched on the fender was his employee, appellee Carey Lee Banks. It had been dark for some time when a car driven by appellant Robert Gibbs struck the bush-hog from behind. Banks was thrown from the vehicle into a ditch, and suffered serious injuries.
In the aftermath of this accident, Miles Wonsley sued Gibbs in tort. Gibbs counterclaimed against Wonsley. Meanwhile, Banks also filed suit against Gibbs. The trial judge ordered these divers actions consolidated. After a trial, the jury awarded Gibbs a $5,000 verdict against Wonsley on his counterclaim, while also finding against Wonsley on the original complaint. The jury found for Banks against Gibbs and award the former $2,300. Banks moved for a new trial; the judge denied the motion on the condition that Gibbs accept the $12,700 additur, bringing the total award to $15,000.
Additurs represent a judicial incursion into the traditional habitat of the jury, and therefore should never be employed without great caution. That is why the legislature passed MCA § 11-1-55 (Supp. 1987), which states:
Authority to impose condition of additur or remittitur.
The supreme court or any other court of record in a case in which money damages were awarded may overrule a motion for new trial or affirm on direct or cross appeal, upon condition of an additur or remittitur, if the court finds that the damages are excessive or inadequate for the reason that the jury or trier of the facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence. If such additur or remittitur be not accepted then the court may direct a new trial on damages only. If the additur or remittitur is accepted and the other party perfects a direct appeal, then the party accepting the additur or remittitur shall have the right cross appeal for the purpose of reversing the action of the court in regard to the additur or remittitur. (Emphasis added).
The question is whether an implicit finding of an inadequate award, such as we have here, suffices to meet the requirements of the statute.
We addressed this question last year in McIntosh v. Deas, 501 So.2d 367 (Miss. 1987), where the trial judge made a ruling similar to the one now before us.
A finding of one of the conditions listed in the statute is a condition precedent to ordering a new trial unless a remittitur is accepted. We hold, therefore, that before the trial judge may usurp the jury's function in setting a damage *660 award, he must comply with the language of the statute and find either: (1) that the jury's verdict is so shocking to the conscience that it evinces bias, passion and prejudice on the part of the jury; or (2) that the verdict was contrary to the overwhelming weight of the credible evidence. Absent either of these findings, the trial court abused its discretion in ordering a new trial based upon the non-acceptance of an additur or remittitur.
501 So.2d at 369-70.
Where such a finding is lacking, we must reverse and reinstate the jury verdict, as we do now.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, GRIFFIN and ZUCCARO, JJ., concur.