James Michael Leach instituted this action in the Circuit Court of Lowndes County, Mississippi, seeking damages against his father, Carl Leach, for injuries sustained in an altercation between the two. At trial, James Michael introduced medical bills incurred in the treatment of his injuries which totaled $2,085.90. Leach also testified that he suffered from recurring pain for nearly six (6) months and that he sustained a resulting loss of income of approximately $20,000.00. After a trial on the merits, the jury returned a verdict in favor of James Michael Leach, and against Carl Leach, in the amount of $2,000.00. James Michael filed a motion for new trial on the issue of damages alone. The motion was overruled and Leach perfected an appeal to this Court seeking an additur. Finding no error in the proceedings below, we affirm the jury's award of $2,000.00.
 I.
Carl Leach and James Michael Leach are father and son. Their relationship, as such, has been strained through the years being characterized by frequent disputes and ill feelings. In mid 1987, Carl and James Michael were feuding over a subdivision development in which they both, as residential contractors, had an interest. On June 12 of that year, James Michael was walking in front of his business office when he saw his father coming out of his own business office located just across the street. The Leachs began discussing the topic of the subdivision development and were soon embroiled in a heated discussion. The discussion was terminated, however, when Carl Leach struck James Michael on the head with a two-foot length of shelf board. Carl alleged that his son had threatened him physically and that he acted in self-defense. James Michael, on the other hand, denied any acts of intimidation and asserted that Carl Leach hit him without provocation. Nevertheless, the blow rendered the younger Leach unconscious and he was transported by ambulance to the Golden Triangle Regional Medical Center where he was placed under the care of neurosurgeon Dr. Madhaven Pisharodi. Dr. Pisharodi observed James Michael Leach and ultimately placed him in the intensive care unit of the hospital. When Leach regained consciousness, however, he left the Medical Center, against doctor's orders, on the afternoon of June 12.
As a result of the events of June 12, 1987, James Michael Leach remained under the care of Dr. Pisharodi for several months and ultimately incurred medical bills in the amount of $2,085.90. Also stemming from this incident, Leach claimed a loss of income of approximately $20,000.00. James Michael testified that he was initially bedridden for two weeks. He stated that he thereafter tried to work for a few hours each day but was plagued by headaches, confusion and memory loss. Leach stated that his headaches lasted for more than six (6) months and that he was not fully recovered until that time.
After the testimony of the parties and witnesses, the jury returned a verdict in favor of James Michael Leach in the amount of $2,000.00. Leach now asserts on appeal that he is entitled to an additur in this cause. We disagree. *Page 1297 
 II.
This Court's authority to impose an additur may be found in Miss. Code Ann. § 11-1-55 (1972), which states:
 The supreme court or any other court of record in a case in which money damages were awarded may overrule a motion for new trial or affirm on direct or cross appeal, upon condition of an additur or remittitur, if the court finds that the damages are excessive or inadequate for the reason that the jury or trier of the facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence. If such additur or remittitur be not accepted then the court may direct a new trial on damages only. If the additur or remittitur is accepted and the other party perfects a direct appeal, then the party accepting the additur or remittitur shall have the right to cross appeal for the purpose of reversing the action of the court in regard to the additur or remittitur.
Thus an additur may be awarded: (1) if the court finds that the jury was influenced by bias, prejudice, or passion or (2) if the damages were contrary to the overwhelming weight of credible evidence.
This Court has stated that "[g]enerally, . . . the only evidence of corruption, passion, prejudice or bias on the part of the jury is an inference, if any, to be drawn from contrasting the amount of the verdict with the amount of the damages."Biloxi Electric Co. v. Thorn, 264 So.2d 404, 406 (Miss. 1972). This Court has further enumerated that the party seeking the additur has the burden of proving their injuries, damages and loss of income. In determining whether this burden is met, this Court must view the evidence in the light most favorable to the party in whose favor the jury decided, giving that party all favorable inferences that reasonably may be drawn therefrom.Odom v. Roberts, 1991 WL 142142 (Miss. No. 90-CA-0257 dec. July 24, 1991). Each case involving additur must necessarily be decided on its own facts. There are no hard and fast standards save the guidelines recited above.
In support of his entitlement to an additur, James Michael Leach cites this Court's decision in Pham v. Welter,542 So.2d 884 (Miss. 1989). In that case, a severely injured automobile driver, whose negligence for the accident was fixed at 60%, proved actual damages in the amount of $28,682.70 and sought additional damages for his pain, suffering and future disability. The evidence was uncontradicted regarding the severity of the driver's injuries and the resulting pain and anguish associated therewith. Nevertheless, the jury awarded the appellant $30,000.00 for his total damages allowing only $1,327.30 for pain and suffering. This verdict was held to be so inadequate by this Court so "as to shock the conscience and indicate bias, prejudice and passion on the part of the jury." Pham, 542 So.2d at 889 (quoting Dorris v. Carr, 330 So.2d 872, 874 (Miss. 1976)). The Court held that after reviewing appellant's claim for damages, the jury had wrongfully ignored Pham's evidence regarding his pain, suffering and future disability. The Court ruled:
 We hold that the finding of $30,000, only adequately compensated Pham for the $28,682.70 in special damages. This figure obviously ignores the categories of past and future pain and suffering and permanent partial disability. We consider $60,000 the minimum amount of damages a rational juror could have found that Pham sustained, considering the law and the evidence adduced at trial. Therefore, after a very careful examination of the record, we today order an additur of $30,000 to the finding of the jury as to damages and permanent partial disability.
Pham, 542 So.2d at 889. James Michael asserts that as in Phamv. Welter, the jury failed to consider his claim for pain, suffering and lost wages. Because of this failure, this Court should grant an additur on appeal.
Carl Leach asserts that the lower court was within its discretion when it overruled appellant's motion for new trial and upheld *Page 1298 
the $2,000.00 jury verdict. He suggests that the jury was entitled to consider all mitigating evidence in reaching their verdict in this cause. Their award, therefore, should be given substantial deference on appeal.
This Court has before addressed a jury's right to consider mitigating evidence or extenuating circumstances when deliberating an award of damages. In Comer v. Gregory,365 So.2d 1212 (Miss. 1978), the Court reviewed a denial of additur arising from an assault and battery in Itawamba County. In that case, Comer and a friend decided to trespass upon private property and fish in a pay-to-fish lake one evening. That same night, the lake owner happened to be patrolling his property and caught Comer and company red-handed. As the lake owner marched the two gentlemen down a gravel road at gunpoint, Comer allegedly reached into his clothing and turned towards the property owner. Comer was shot and injured and ultimately brought a civil suit for damages.
After a trial on the merits, the jury awarded Comer $125.00 in damages despite his claim for more than $7,800.00 in medical expenses and $1,600.00 in lost wages. The trial court denied Comer's motion for new trial on the issue of damages. On appeal, this Court stated that the jury was entitled to consider all mitigating circumstances and to reduce damages accordingly. This Court held as follows:
 Because it is the duty and responsibility of the trial jury, as required by statute (11-7-17) to determine all questions of negligence and contributory negligence, and because by statute (11-7-61) the jury may consider any mitigating or extenuating circumstances in evidence in reducing damages, we are of the opinion that the judgment of the trial court, even though based on a small jury verdict, should be affirmed.
Comer, 365 So.2d at 1215.
In Blanton v. Tri-State Transit Co., 194 Miss. 393,12 So.2d 429 (1943), Robert Blanton filed an action against a transit company and their bus driver for injuries sustained in two separate events. First, Blanton was supposedly exiting a company bus when the driver negligently closed the vehicle's doors on plaintiff's left hand. Blanton alleged pain and injury. Next, Blanton re-entered the bus to remove his granddaughter from the possession of her parents. Upon attempting to do so, Blanton and parents became involved in a scuffle over the little girl. This fight between family continued until the bus driver struck Blanton several times in the face to force him to exit the bus. Alleging further injury from the assault by the bus driver, plaintiff sought to recover for his injuries.
At trial, the jury considered the evidence and returned a verdict in Blanton's favor of $200.00. On appeal, he alleged that the jury's award was so inadequate as to require a new trial on the question of damages. In finding to the contrary this Court stated that:
 Without detailing the nature and extent of the injuries as described in the testimony of Blanton and some of his witnesses, but accepting it as true, we would sustain a verdict for considerably more than $200 had the jury so found. However, under the foregoing situation we cannot know how the jury determined the facts and resolved the elements entering into the amount it did name. . . . Under section 535, Code of 1930 [Section 11-7-61], in actions for assault and battery, defendant may show any extenuating circumstances in mitigation of damages. The jury could have concluded that the wrongful conduct of Blanton was such a mitigating circumstance as to largely reduce liability for the actual damages suffered by him.
Blanton, 194 Miss. at 397-98, 12 So.2d at 431.
We are mindful that Miss. Code Ann. § 11-7-61 (1972), upon which the above decisions were based in part, has been repealed by the legislature. We are convinced, however, that the validity of these two decisions is still beyond question. Section 11-7-17
of Miss. Code Ann. (1972) provides that "[a]ll questions of negligence and contributory negligence shall be for the jury to determine." Here, the jury *Page 1299 
obviously believed that James Michael Leach was somewhat responsible for his own injuries. As a result, they reduced his award of damages to the amount of $2,000.00. For this Court to now determine that the jury was incorrect in assessing Leach's contributory negligence would be tantamount to holding that a jury is to be instructed that they must return a verdict for all alleged damages. This should not be the law. We have consistently enunciated the principle that a jury verdict is to be accorded substantial deference. Odom v. Roberts, slip op. at 5; PurinaMills, Inc. v. Moak, 575 So.2d 993, 997 (Miss. 1990); MotorolaCommunications Electronics, Inc. v. Wilkerson, 555 So.2d 713, 723 (Miss. 1989). This proposition has no less application in the case sub judice. The jury award of $2,000.00 is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, and BANKS, JJ., concur.
McRAE, J., dissents with written opinion to follow.
PRATHER, J., not participating.