856 So.2d 577 (2003)
Gerald L. BURGE, Appellant,
v.
Christina G. SPIERS, Appellee.
No. 2002-CA-00808-COA.
Court of Appeals of Mississippi.
June 3, 2003.
*578 Glenn Louis White, Hattiesburg, John D. Smallwood, Tupelo, attorneys for appellant.
Philip W. Gaines, Jackson, Tonya Michelle Blair, attorneys for appellee.
Before KING, P.J., THOMAS, MYERS, and GRIFFIS, JJ.
THOMAS, J., for the court.
¶ 1. Gerald Burge and Christina Spiers were involved in an accident in which Spiers' car rear-ended Burge's vehicle. Burge filed a negligence complaint and Spiers admitted liability. A jury awarded Burge $2,137 in damages, the exact amount Burge claimed in medical expenses. Burge filed a motion for additur or, in the alternative, for a new trial. The trial court denied Burge's motion. Aggrieved, Burge asserts the following issue on appeal.

THE TRIAL COURT ERRED IN FAILING TO GRANT BURGE'S MOTION FOR ADDITUR OR NEW TRIAL WHERE THE JURY AWARDED DAMAGES FOR MEDICAL EXPENSES BUT FAILED TO AWARD DAMAGES FOR PAIN AND SUFFERING OR FUTURE MEDICAL EXPENSES.

FACTS
¶ 2. In June, 1996, forty-five-year-old Gerald Burge was driving south on Highway 11 in Picayune, Mississippi, when the vehicle in front of him stopped. As Burge *579 slowed his vehicle, the vehicle behind Burge, driven by Christina Spiers, rear-ended Burge's vehicle. According to the accident report, Burge's car sustained heavy damage and had to be towed from the scene. Both Burge and Spiers declined treatment at the scene. Later, Burge sought treatment at Crosby Memorial Hospital. X-rays taken on this date were normal except for long-term, pre-existing degenerative and arthritic changes to his lumbar spine which were admittedly not related to the accident.
¶ 3. Burge was referred to Dr. Bruce McCarthy on July 9, 1996, complaining of neck pain. Dr. McCarthy found a loss of motion in the upper neck and tenderness in the lumbar area and diagnosed ligament injuries in Burge's neck and lower back. Dr. McCarthy found that Burge had lost 10% of function from the neck region and 10% from the lumbar region and recommended Burge undergo back surgery which would cost approximately $30,000. Burge had incurred approximately $2,787 in medical bills.
¶ 4. Burge brought suit against Spiers, who admitted liability. Burge put on evidence of his injuries and treatments. Spiers impeached Burge with a history of prior spinal surgery, prior diagnosis of physical disability, chronic lower back problems, and contradictory sworn statements made in another court case in Louisiana. At the conclusion of trial, the jury awarded Burge $2,137. Burge made a motion for additur or, in the alternative, a new trial which the trial court denied.

ANALYSIS

DID THE TRIAL COURT ERR IN FAILING TO GRANT BURGE'S MOTION FOR ADDITUR OR NEW TRIAL WHERE THE JURY AWARDED DAMAGES FOR MEDICAL EXPENSES BUT FAILED TO AWARD DAMAGES FOR PAIN AND SUFFERING OR FUTURE MEDICAL EXPENSES?
¶ 5. Burge asserts that the trial court erred in failing to grant his motion for additur or, in the alternative, a new trial because the jury awarded damages for medical expenses but failed to award damages for pain and suffering or future medical expenses. Burge cites authority which states that "a jury verdict awarding damages for medical expenses alone is against the overwhelming weight of evidence." Scott Prather Trucking, Inc. v. Clay ex rel. Sanders, 821 So.2d 819, 822(¶ 12) (Miss.2002) (citing Rodgers v. Pascagoula Pub. Sch. Dist., 611 So.2d 942, 945-46 (Miss.1992)); see also Pham v. Welter, 542 So.2d 884 (Miss.1989); Matkins v. Lee, 491 So.2d 866 (Miss.1986); City of Jackson v. Ainsworth, 462 So.2d 325 (Miss.1984); Biloxi Elec. Co. v. Thorn, 264 So.2d 404 (Miss.1972). However, "each case involving the issue of an additur must `necessarily be decided on its own facts.'" Green v. Grant, 641 So.2d 1203, 1208 (Miss.1994) (quoting Leach v. Leach, 597 So.2d 1295, 1297 (Miss.1992)).
¶ 6. The scope of review that this Court employs in considering an appeal of a denial of additur is limited to "determining whether the trial court abused its discretion." Rodgers, 611 So.2d at 945. The court, in Rodgers, further stated that the party seeking the additur has the burden of proving his injuries, damages and loss of income. In determining whether this burden is met, this Court must view the evidence in the light most favorable to the defendant, giving that party all favorable inferences that reasonably may be drawn therefrom. Id. An additur should never be applied without taking great caution, for an additur represents "a judicial incursion into the traditional habitat of the *580 jury." Gibbs v. Banks, 527 So.2d 658, 659 (Miss.1988). Further, "[a]wards fixed by jury determination are not merely advisory and will not under the general rule be set aside unless so unreasonable in amount as to strike mankind at first blush as being beyond all measure, unreasonable in amount and outrageous." Rodgers, 611 So.2d at 945.
¶ 7. In the case at bar, Spiers admitted negligence but contested the damages claimed by Burge. Burge placed into evidence his medical bills and the testimony of his treating physician, Dr. Bruce McCarthy, who testified that Burge suffered from back and neck injuries and would need surgery in the future. On cross-examination, Spiers impeached Burge with a history of prior spinal surgery, prior diagnosis of physical disability, chronic lower back problems, and contradictory sworn statements made in another court case in Louisiana. Burge had been diagnosed previously with an inability to lift more than 5-10 pounds, inability to bend, limited range of motion, complications in his back from diabetes, and had several prior injury events and at least one subsequent injury event.
¶ 8. Burge had previously testified on direct examination that he was fine until the accident in question. In an unrelated deposition given in Louisiana the year prior to his accident with Spiers, however, Burge had testified that he still had back problems from the injury in question. Also, on cross-examination, Dr. McCarthy testified that his expert opinion was made without a complete review of Burge's medical history including no knowledge of Burge's back injuries and history of problems from 1980 until Burge was referred to him in 1996. According to Dr. McCarthy, he was told by Burge that other than prior back surgeries in 1979 or 1980, he had no complications or problems with his back until the accident with Spiers. This was directly contradictory to Burge's testimony where he admitted problems in the late 1980's.
¶ 9. It is the jury that determines "the weight and worth of testimony and the credibility of the witness at trial." Odom v. Roberts, 606 So.2d 114, 118 (Miss. 1992). As stated above, this Court applies the abuse of discretion standard of review when determining whether a trial court erred in refusing an additur or a new trial. "It is primarily the province of the jury to determine the amount of damages to be awarded and the award will normally not `be set aside unless so unreasonable in amount as to strike mankind at first blush as being beyond all measure, unreasonable in amount and outrageous.'" Harvey v. Wall, 649 So.2d 184, 187 (Miss.1995) (quoting Rodgers, 611 So.2d at 945).
¶ 10. Like the case in Haywood v. Collier, 724 So.2d 1105 (Miss.Ct.App.1998), the jury was presented with evidence that showed conflicting sworn testimony of the appellant concerning his prior medical condition and previous injuries and evidence that called into question the credibility of the expert medical testimony presented on his behalf. By impeaching the causation of the damages claimed by Burge, there is ample evidentiary support for the verdict returned by the jury. It appears quite likely the jury gave Burge the benefit of being examined while not connecting the injuries to this particular accident. We will not disturb the finding of the jury in the case sub judice because the trial court did not abuse its discretion in ruling that the $2,137 verdict was not against the overwhelming weight of the evidence, and in no way evinced bias or prejudice on the part of the jury.
¶ 11. THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS *581 OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.