MYERS, P.J.,
for the Court.
¶ 1. This case comes from the Circuit Court of DeSoto County dealing with the damages resulting from a rear-end collision on November 3, 1999. There was no question as to liability; the only triable question was to the amount of damages. The jury returned a damages award of $1,500. Colville filed a motion for additur or new trial, which was denied by the trial court. From this denial, Colville appeals raising two issues:
*1030 I. THE VERDICT OF THE JURY WAS GROSSLY INADEQUATE AND WAS THE RESULT OF BIAS, PASSION AND PREJUDICE OF THE JURY.
II. THE LOWER COURT COMMITTED ERROR AND ABUSED ITS DISCRETION IN DENYING COL-VILLE’S MOTION FOR AN ADDI-TUR OR IN THE ALTERNATIVE FOR A NEW TRIAL ON DAMAGES.
¶ 2. Finding no error, we affirm.
STATEMENT OF FACTS
¶ 3. On the morning of November 3, 1999, while traveling to work in his Chevrolet pickup, Benny W. Colville was accidentally struck from behind by Renee P. Davidson, resulting in a rear end collision. From the time of the accident until June 2002, Colville worked as a glazier which required heavy lifting and manual labor.
¶ 4. Following the accident, Colville was transported by ambulance to DeSoto Baptist Medical Center when he complained of pain between his shoulder blades, down his back and in his neck. At the hospital emergency room Colville was examined by emergency room physicians, given muscle relaxants and pain medication, and released within one and one-half to two hours following the accident. Colville did not attend work the day of the accident, but did attend the following day.
¶ 5. Colville did not seek further medical treatment until December 27, 1999, when he saw Dr. Walt Carnahan for treatment of a head cold. While undergoing examination Colville mentioned to Dr. Carnahan that he had been involved in an auto accident in November. Dr. Carnahan preformed an examination to evaluate Col-ville’s neck and found his neck to be supple and with full range of motion. Dr. Carna^-han did not prescribe any medications, but did place Colville on a spinalator which applied heat and gentle massage to the spine and muscles of the neck and back. Dr. Carnahan also prescribed physical therapy, but Colville was non-compliant. This treatment continued for a period of approximately two years. During this time period Colville was also treated for two work-related injuries, a pulled groin muscle and an inguinal hernia.
¶ 6. On September 28, 2001, Colville was referred to Dr. Ashley Park at the Campbell Orthopedic Clinic due to his continued complaint of shoulder blade pain. Dr. Park found no neurological injury. Dr. Park ordered an MRI which came back normal. Dr. Park prescribed anti-inflammatory medications, muscle relaxants, physical therapy and an epidural injection into the spine in an effort to relieve Col-ville’s pain. Dr. Park treated Colville from September 28, 2001, until May 2002. Dr. Park found that Colville’s range of shoulder motion decreased and signs of shoulder impingement increased between September and May. A final diagnosis was that Colville had a rotator cuff injury. Dr. Park testified that Colville’s work could be the cause of his pain. In June of 2002 Colville was given a new job that no longer required manual labor and his pain ceased.
¶ 7. A trial was held in the DeSoto County Circuit Court where Davidson admitted “some act of simple negligence” and the only issue before the jury was the determination of damages. Colville testified at trial while Drs. Carnahan and Park testified by video deposition. Colville also introduced evidence that over the approximately two and one-half years he had paid $14,082.47 in medical expenses and testified that he had lost $2,674.35 in wages. Davidson did not put on any witnesses. Following jury deliberations a verdict was returned awarding damages in the amount of $1,500. Colville filed a motion for an additur or, in the alternative, a new trial *1031 on damages that was denied by the trial court. This appeal followed, raising the following two issues that will be determined together as they intertwined.
I. THE VERDICT OF THE JURY WAS GROSSLY INADEQUATE AND WAS THE RESULT OF BIAS, PASSION AND PREJUDICE OF THE JURY.
II. THE LOWER COURT COMMITTED ERROR AND ABUSED ITS DISCRETION IN DENYING COL-VILLE’S MOTION FOR AN ADDI-TUR OR IN THE ALTERNATIVE FOR A NEW TRIAL ON DAMAGES.
STANDARD OF REVIEW
¶ 8. When reviewing the trial court’s decision to deny a motion for an additur, we are limited to an abuse of discretion standard. Burge v. Spiers, 856 So.2d 577, 579(¶ 6) (Miss.Ct.App.2003). The burden of proving damages is on the party who seeks the additur. Gaines v. K-Mart Corp., 860 So.2d 1214, 1220 (¶21) (Miss.2003). The evidence must be reviewed in a light most favorable tó the party against the additur and must give that party the benefit of all favorable inferences drawn therefrom. McClatchy Planting Co. v. Harris, 807 So.2d 1266, 1270 (¶ 16) (Miss.Ct.App.2001). An additur should be granted with great caution because it signifies “a judicial incursion into the traditional habitat of the jury.” Burge, 856 So.2d at 579-80(¶ 6) (citing Gibbs v. Banks, 527 So.2d 658, 659 (Miss.1988)). A jury award will not be set aside unless “so unreasonable in amount as to strike mankind at first blush as being beyond all measure, unreasonable in amount and outrageous.” Rodgers v. Pascagoula Pub. Sch. Dist. 611 So.2d 942, 945 (Miss. 1992).
DISCUSSION
¶ 9. Colville argues that- the trial court abused its discretion by denying his post trial motion for additur based on the jury’s bias, passion and prejudice and the damages were inadequate due to the overwhelming weight of the evidence. The trial judge is given the authority to grant an additur by Mississippi Code Annotated § 11-1-55 (Rev.2002), which provides:
The supreme court or any other court of record in a case in which money damages were awarded may overrule a motion for new trial or affirm on direct or cross appeal, upon condition of an addi-tur or remittitur, if the court finds that the damages are excessive or inadequate for the reason that the jury or trier of the facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence, ...
¶ 10. In the case at bar, Davidson admits that she was negligent in hitting Col-ville in the rear end collision. The issue at trial was the amount of damages caused by Davidson to Colville. The jury was given the opportunity to hear the testimony of Colville, Dr. Carnahan and Dr. Park to determine the injuries sustained by Col-ville in the collision and. award damages to compensate him for those damages.
¶ 11. The testimony at trial was that Colville was examined following the accident and was not found to have any skeletal injuries. He was given pain medication, muscle relaxants and missed work the day of the accident. He returned to work the following day and did not complain of any further pain until visiting Dr. Carnahan for a cold two months following the accident. Dr. Carnahan testified that he treated Colville with manipulative therapy for over two- years and did not prescribe any medications other than over- *1032 the-eounter pain medicine. Additionally, Dr. Carnahan prescribed physical therapy that Colville was non-compliant with. Further testimony indicated that Colville suffered two work-related injuries following the accident, a groin pull and a hernia.
¶ 12. Dr. Carnahan referred Colville to Dr. Park after two years. Dr. Park testified that there was no neurological or skeletal damage and treated Colville with anti-inflammatory, pain and muscle relaxant medications. Dr. Park testified that the pain experienced by Colville could be either related to the accident or to Col-ville’s work. The jury also heard testimony from Dr. Park that during the period in which he treated Colville it was discovered that Colville had sustained a rotator cuff injury that could have been causing the shoulder pain. Dr. Park testified that the injury could have been caused by the accident, but is was unlikely.
¶ 13. The jury also heard Colville testify that in June of 2002 he changed positions in his company from manual labor to a desk job as an estimator. After the job change Colville testified that his pain began to stop.
¶ 14. It is the jury who determines the weight of the testimony and the credibility of the witnesses at trial and it is the primary province of the jury to determine the amount of damages to award. Burge, 856 So.2d at 580(¶ 9). The jury was given testimony that the injuries experienced by Colville were the result of the rear-end collision and Davidson elicited testimony from the witnesses that the injuries could be work related and that Colville was non-compliant with a physical therapy treatment prescribed. After hearing this testimony the jury awarded Colville $1500. The day of the accident Colville incurred medical expenses in the amount of $860.43 which consisted of $212 for the ambulance, $558.43 for the emergency room and $90 for radiological services. The difference of $640.57 can be attributed to pain and suffering.
¶ 15. In evaluating the denial of the motion for additur, we determine if the trial court abused its discretion. Burge, 856 So.2d at 579. In his order denying the motion for additur or in the alterative a new trial the judge stated:
The Court, having reviewed the Motion, Memoranda, Response and Reply, having heard the statement and argument of counsel, and having conducted independent research into the law, finds that there was sufficient evidence to support the jury’s verdict and that the Motion is otherwise not well taken....
¶ 16. This evidences that the trial court took the time to evaluate the law, the evidence presented and the jury’s verdict in the determination of the denial. There was no abuse of discretion.
CONCLUSION
¶ 17. Finding that there is no evidence of bias, prejudice or passion in the jury’s verdict, that there was evidence presented to support the award of $1500, and that the trial court did not abuse its discretion, we affirm the ruling by the Circuit Court of DeSoto County.
¶ 18. THE JUDGEMENT OF THE DESOTO COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J, LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.