981 So.2d 1041 (2008)
C. Richard DOBBINS, Appellant
v.
Fredrick J. VANN, III, Appellee.
No. 2006-CA-02104-COA.
Court of Appeals of Mississippi.
April 29, 2008.
*1042 Phil R. Hinton, Corinth, attorney for Appellant.
Robert Glenn Krohn, Corinth, attorney for Appellee.
Before KING, C.J., IRVING AND CHANDLER, JJ.
KING, C.J., for the Court.
¶ 1. C. Richard Dobbins sued Fredrick J. Vann, III in the Alcorn County Circuit Court for injuries and damages sustained from an automobile accident. A jury verdict was returned in favor of Dobbins for $50,000. After a denial of Dobbins's motion for a new trial on the issue of damages or alternative relief, Dobbins perfected his appeal asserting the following issues, which we state verbatim:
I. The [trial] [c]ourt erred by limiting Richard Dobbins's questions about insurance during the jury selection process.
II. The trial court erred by refusing to accept into evidence a written summary of writings that could not be conveniently examined in court.
III. The trial court erred for refusing to grant Richard Dobbins a new trial on the issue of damages or for refusing to award an additur consistent with the overwhelming weight of the credible evidence.
IV. The damages awarded by the jury are so inadequate that it evinces that the jury was influenced by bias, prejudice[,] or passion.
V. The damages awarded by the jury are contrary to the overwhelming weight of the credible evidence.
Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. On January 19, 2002, Dobbins and Vann were involved in an automobile accident *1043 at the intersection of Franklin Street and Wick Street in Corinth, Mississippi. After the accident, Dobbins did not seek immediate medical attention. Instead, he drove to Iuka, Mississippi to visit his ill mother. Dobbins testified that he later experienced pain in his ankle, left knee, back, neck, right shoulder, and headaches. As a result, Dobbins sued Vann in the Alcorn County Circuit Court, alleging that Vann was negligent for running a stop sign and, therefore, liable for damages he sustained from the accident. Vann admitted liability.
¶ 3. A trial was held to determine damages, and the jury returned a verdict in favor of Dobbins, awarding him $50,000. Dobbins then filed a motion for a new trial on the issue of damages or, in the alternative, an additur, which was denied on November 7, 2006. Feeling aggrieved, Dobbins timely filed this appeal on December 7, 2006. Additional facts are discussed below as they relate to each issue.

ANALYSIS
I. Whether the trial court erred by limiting Dobbins's questions about insurance during the jury selection process.
¶ 4. During voir dire, Dobbins's attorney asked, "if any of you have been insured by one of these Vanns or one of the agencies." Vann objected to this line of questioning. The trial court sustained the objection and instructed Dobbins's counsel to ask the more general question, if anyone had done "any type of business with the Vanns." Three potential jurors responded in the affirmative. One juror explained it was best that he did not serve on the jury because he had purchased insurance from the Vanns and considered Mrs. Cindy Vann to be a personal friend. The other two jurors said they also had a business relationship with the Vanns, but they did not think it would influence them in the trial. During a conference at the bench, Dobbins's attorney asked to further question the jury panel regarding their personal involvement in the insurance business, but the trial court instructed him not to ask the question. According to the record, Dobbins objected to the trial court's decision at the conclusion of voir dire. In response, the trial court overruled the objection, stating that the question was not relevant, and it was an attempt to interject insurance coverage into the case. Neither of the three veniremen served on the jury; two were struck for cause and the third was not selected.
¶ 5. Dobbins argues that he was denied the "right to a meaningful voir dire which would have enabled him to better decide which jurors might be challenged for cause or might be challenged peremptorily." Vann argues that Dobbins was allowed to question the potential jurors, and Dobbins abandoned that line of questioning without proffering any suggested questions to the trial judge.
¶ 6. Mississippi law allows great leeway on voir dire to insure the parties' rights to a fair trial. Tighe v. Crosthwait, 665 So.2d 1337, 1339 (Miss.1995). "Counsel is not," however, "free from limits during voir dire." Id. at 1340. It is a long-standing sentiment that injecting the question of insurance into a case may be prejudicial. See, e.g., Avery v. Collins, 171 Miss. 636, 650, 157 So. 695, 699, motion overruled, 171 Miss. 636, 158 So. 552 (1934). However, the law does allow good faith inquiries into jurors' interests or connections with insurance. See Kennedy v. Little, 191 Miss. 73, 77, 2 So.2d 163, 164 (1941). The attorney must, however, confine questions to those necessary to qualify the jury under the facts of the particular case. Catholic Diocese of Natchez-Jackson *1044 v. Jaquith, 224 So.2d 216, 223 (Miss. 1969). The trial judge is in the best position to limit or allow any mention of insurance in voir dire and to rule on whether or not a party was prejudiced by the mention of insurance in a case. Ivy v. Gen. Motors Acceptance Corp., 612 So.2d 1108, 1114 (Miss.1992)
¶ 7. The record reflects that Dobbins was concerned with jurors who had purchased insurance from the Vann family. Although Dobbins was not allowed to use the term "insurance," the trial court did allow him to inquire into whether any of the prospective jurors had any business relationship with the Vann family. Three prospective jurors were identified, and none of the three were selected for the jury. Dobbins was allowed sufficient inquiry into the matter and has not shown that he was prejudiced by the lack of further questioning. We, therefore, find that the trial court properly overruled Dobbins's objection.
II. Whether the trial court erred by refusing to admit into evidence a summary of journal entries prepared by Dobbins.
¶ 8. During the trial, Dobbins attempted to admit a summary of entries from his business time book into evidence, and Vann objected. Dobbins testified that he kept records for himself and his employees in the time book, including time away for doctor visits. The trial court allowed Dobbins to use the document to refresh his recollection, and it was marked for identification purposes only. The jury was not allowed to use the summary in its deliberations; however, Dobbins's medical records were admitted.
¶ 9. Dobbins argues that the trial court erred by refusing to accept the summary of the time book entries into evidence. Dobbins further contends that the time book could not be conveniently examined in court because it covered four years of daily appointments, and it contained confidential client information. Conversely, Vann argues that the trial court did not err because Dobbins's medical records were submitted into evidence, and it was the best evidence for the jury to consider.
¶ 10. This Court reviews the admission or exclusion of evidence under an abuse of discretion standard. Yoste v. Wal-Mart Stores, Inc., 822 So.2d 935, 936(¶ 7) (Miss.2002). "Reversal of a trial court's evidentiary findings may only occur when there is demonstrable abuse of the trial court's discretion." Farris v. State, 764 So.2d 411, 433(¶ 82) (Miss.2000) (citing Johnston v. State, 567 So.2d 237, 238 (Miss.1990)). Mississippi Rule of Evidence 1006 provides that voluminous writings may be presented in a summary format when those documents cannot be conveniently examined in court, and the originals shall be made available to the other parties. "Summaries of voluminous evidence are admissible under M.R.E. 1006, according to the trial court's discretion." Farris, 764 So.2d at 433(¶ 82). As further authority, Dobbins cites to Sentinel Industrial Contracting Corp. v. Kimmins Industrial Service Corp., 743 So.2d 954, 966 (¶¶ 29-31) (Miss.1999) (concluding that the trial court properly admitted a one-page summary of a four-volume claim documentation book because it was properly authenticated and the voluminous document was available for inspection); Wells v. State, 604 So.2d 271, 275-76 (Miss.1992) (finding that the summary of business transactions for a toy store was properly authenticated and that the claim that the defendant was denied access was unsupported by the record and the lack of objection by trial counsel); and American National Insurance Co. v. Hogue, 749 So.2d 1254, 1261(¶ 25) (Miss.Ct.App.2000) (determining that no Rule 1006 issue existed *1045 because the parties stipulated to the authenticity of the document thereby removing Rule 1006's requirement of providing the documents supporting a summary).
¶ 11. In the aforementioned cases, the trial court, in its discretion, admitted summaries when they were properly authenticated, the underlying documents were made available to the opposing party for inspection, and/or the parties stipulated to the authenticity of the document or counsel failed to object. In the present case, the summary listed dates that Dobbins was out of the office for doctor visits. The trial court exercised its discretion and refused to admit Dobbins's summary. There is no indication that Dobbins suffered any prejudice from this decision. Although the summary was not admitted into evidence, Dobbins's medical records were admitted and these items also detailed the times he missed work for doctor visits. As a result, we find that the trial court did not abuse its discretion when it refused to admit the summary into evidence.
III. Whether the trial court erred by refusing to grant Dobbins a new trial on the issue of damages or, in the alternative, an additur.
IV. Whether the damages awarded by the jury are so inadequate that it evinces that the jury was influenced by bias, prejudice, or passion.
V. Whether the damages awarded by the jury are contrary to the overwhelming weight of the credible evidence.
¶ 12. Dobbins argues that "a jury verdict of $50,000 was contrary to the substantial weight of the evidence and a new trial as to damages should have been granted or an additur made." Conversely, Vann argues that there were facts affecting the credibility of Dobbins's case, and the jury had the right to give such weight to this testimony as it felt reasonably appropriate.
¶ 13. Mississippi Code Annotated section 11-1-55 (Rev.2002) states in pertinent part:
The supreme court or any other court of record in a case in which money damages were awarded may overrule a motion for new trial or affirm on direct or cross appeal, upon condition of an additur or remittitur, if the court finds that the damages are excessive or inadequate for the reason that the jury or trier of the facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence.
"The party seeking the additur bears the burden of proving his injuries, loss of income, and other damages." Gaines v. K-Mart Corp., 860 So.2d 1214, 1220(¶ 21) (Miss.2003). To ascertain if this burden has been carried, evidence is viewed in the light most favorable to the opposing party, giving that party all favorable inferences that may be reasonably drawn therefrom. Id.; see also McClatchy Planting Co. v. Harris, 807 So.2d 1266, 1270(¶ 16) (Miss. Ct.App.2001). An additur should be employed with great caution because it represents an infringement upon the traditional role of the jury as the fact-finder. Gibbs v. Banks, 527 So.2d 658, 659 (Miss.1988). Furthermore, a motion for a new trial is only granted in rare circumstances when there would be an injustice in allowing the verdict to stand. C & C Trucking Co. v. Smith, 612 So.2d 1092, 1099 (Miss.1992). We review a trial court's denial of a motion for new trial or additur under an abuse of discretion standard. Burge v. Spiers, 856 So.2d 577, 579(¶ 6) (Miss.Ct.App.2003) (citing Rodgers v. Pascagoula Pub. Sch. Dist., 611 So.2d 942, 945 (Miss.1992)).
¶ 14. The jury heard testimony from Dobbins and his treating physicians regarding *1046 the injuries and other damages he sustained. Dobbins introduced evidence of damages totaling approximately $200,000, which included the following: medical expenses, lost income, mileage to and from doctor visits, overnight motel stays related to doctor visits, meals away from home, maid services, stable fees for his horses, future lost income, future knee replacement, and future physical therapy sessions. Vann did not object to the reasonableness or necessity of the incurred medical expenses of $38,627.85; however, he did object to causation. In regard to future physical therapy, Vann objected to this figure as being speculative, and the trial judge sustained the objection.
¶ 15. Vann also put forth evidence that questioned Dobbins's credibility. First, Vann addressed the severity of the impact, noting that the vehicle stopped immediately after impact and that Dobbins's air bag did not deploy. Next, Vann addressed Dobbins's conduct following the accident. Vann then questioned Dobbins about discrepancies between his attested lost income and income tax returns. Testimony revealed that Dobbins's accounting partner sold his share of the practice in September 2002. Vann also addressed consistent losses in Dobbins's farm income each year. Attention was also directed to the lapse of time between the accident and subsequent doctor visits. Dr. Tom Budny testified that Dobbins did not initially complain about shoulder pain during his appointment on September 4, 2002, but he complained after Dr. Budny palpated that area. More significantly, Vann elicited testimony from Dobbins that he was involved in a car wreck in 1979, in which part of his left knee was crushed or broken.
¶ 16. There is nothing in the record to reflect that the jury was biased or prejudiced in its decision. Dobbins put forth evidence of his damages; however, Vann also presented substantial evidence to rebut these claims. Ultimately, it was up to the jury to determine the credibility of this evidence, and there is substantial evidence in the record to support the jury's verdict. Viewing the evidence in the light most favorable to the defendant, it, therefore, is determined that the jury's award of $50,000 in damages was not contrary to the overwhelming weight of the evidence. We find that the trial court did not abuse its discretion by denying Dobbins's motion for a new trial or, in the alternative, an additur on the issue of damages.

CONCLUSION
¶ 17. We find that the trial court did not commit error. First, the trial court did not err when it limited Dobbins's questions regarding insurance because he was allowed sufficient inquiry into the matter and was not prejudiced by the lack of any further questioning. Second, the trial court did not abuse its discretion when it refused to admit the summary into evidence because Dobbins's medical records, which detailed the same information contained in the summary, were admitted into evidence. Last, we find that the trial court did not abuse its discretion when it denied Dobbins's motion for a new trial or, in the alternative, an additur because there was substantial evidence in the record to support the jury's verdict.
¶ 18. THE JUDGMENT OF THE ALCORN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.