# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-00026-COA

**CENTRAL INDUSTRIES, INC., ROGER LYNN**  APPELLANTS
**GUY AND JIMMY R. MCCRORY**

**v.**

**GERALDINE MCFARLANE**  APPELLEE

DATE OF JUDGMENT:                  04/19/2012
TRIAL JUDGE:                        HON. EDDIE H. BOWEN
COURT FROM WHICH APPEALED:  SMITH COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANTS:    HEATH SHANNON DOUGLAS
                                    ANDREW N. ALEXANDER III
                                    MARK K. TULLOS
ATTORNEY FOR APPELLEE:       EUGENE COURSEY TULLOS
NATURE OF THE CASE:           CIVIL - PERSONAL INJURY
TRIAL COURT DISPOSITION:      MOTION FOR NEW TRIAL GRANTED
DISPOSITION:                    REVERSED AND RENDERED - 02/24/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., BARNES AND ISHEE, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.     This appeal is before this Court after a personal-injury trial and retrial in the Smith County Circuit Court. The first trial resulted in a $100,000 verdict against Defendants Roger Lynn Guy and Jimmy R. McCrory after a directed verdict was granted in favor of Central Industries Inc. The circuit court granted a motion for a new trial filed by Geraldine McFarlane, which resulted in a $250,000 verdict against Guy, McCrory, and Central Industries. Aggrieved, Guy, McCrory, and Central Industries filed the instant appeal alleging four issues: (1) whether the circuit court improperly granted McFarlane's motion for a new

trial; (2) whether the circuit court erred in allowing the jury to consider McFarlane's hip injury in the second trial; (3) whether Central Industries was an improper party at the second trial; and (4) whether three jury instructions were improperly given at the second trial. Upon review of the record, this Court finds that McFarlane's motion for a new trial was improperly granted. We reverse, and reinstate the original $100,000 verdict rendered at the first trial.

## STATEMENT OF THE CASE

¶2. On May 18, 2006, McFarlane was driving on Highway 80 in Scott County, Mississippi. While waiting to make a left turn, she was struck from behind by Guy's truck, which was being driven by McCrory. Attached to Guy's truck was an empty trailer owned by Central Industries. This case first went to trial in April 2009. During the trial, a directed verdict was granted in favor of Central Industries dismissing it from the case, and Guy and McCrory admitted liability. After hearing the evidence at trial, the jury returned a $100,000 verdict in favor of McFarlane against Guy and McCrory.

¶3. In May 2009, McFarlane filed a motion for a new trial or, in the alternative, for an additur. In her motion, she alleged that the circuit court had erred in directing a verdict in favor of Central Industries and that the $100,000 jury verdict was not sufficient to cover her injuries and damages. The circuit court granted McFarlane's motion,[1] and the second jury trial took place in April 2012, resulting in a $250,000 verdict for McFarlane. In the second

---

[1] It should be noted that the first trial was heard by Circuit Judge Robert Evans. Judge Evans also heard McFarlane's motion for a new trial; however, he passed away before making a ruling on the motion. The case was then assigned to Circuit Judge Eddie Bowen. Judge Bowen granted the motion for a new trial and presided over the second jury trial in April 2012.

trial, Central Industries was not dismissed from the case. Guy, McCrory, and Central Industries filed this appeal, arguing that McFarlane's motion for a new trial should not have been granted and requesting that the original $100,000 verdict from the first trial be reinstated.

## STANDARD OF REVIEW

¶4. Granting or denying a motion for a new trial lies within the trial court's sound discretion. *White v. Yellow Freight Sys. Inc.*, 905 So. 2d 506, 510 (¶7) (Miss. 2004). This Court may only reverse the granting of a new trial when the circuit court has abused its discretion. *Id*. "In ordering a new trial, the [circuit] court makes a determination that the jury verdict is in error, and that due to mistakes made in conducting the trial, mistakes made in applying the law, or due to a jury verdict that is against the great weight of the evidence, a new trial is necessary." *White v. Stewman*, 932 So. 2d 27, 33 (¶17) (Miss. 2006). On appeal, the credible evidence will be viewed in the light most favorable to the nonmoving party, and all credible evidence that supports the nonmoving party's claims or defenses shall be accepted as true. *Green v. Grant*, 641 So. 2d 1203, 1207 (Miss. 1994).

## DISCUSSION

**Whether McFarlane's motion for a new trial was improperly granted
by the circuit court.**

¶5. Guy and McCrory argue that the circuit court improperly granted McFarlane's motion for a new trial. In her motion, McFarlane stated that she believed the court erred in directing a verdict in favor of Central Industries, or, in the alternative, she asked for an additur because she felt that the jury verdict was not sufficient to compensate her for her injuries and

3

damages. The circuit court granted McFarlane's motion and stated that the second trial would be heard on "damages only."

¶6. McFarlane essentially argued that two mistakes were made in the first trial. First, she believed that the circuit court erred in directing a verdict in favor of Central Industries. On appeal, the standard of review utilized by this Court on motions for a directed verdict is de novo, and we view the evidence in the same light as the circuit court. *Alfa Mut. Ins. Co. v. Cascio*, 909 So. 2d 174, 178 (¶11) (Miss. Ct. App. 2005). The circuit court applies the following standard when considering a motion for a directed verdict:

> The [circuit] court may direct a verdict for the defendant at the close of the plaintiff's proof under authority of Mississippi Rule of Civil Procedure 50(a) if, in the opinion of the court, the plaintiff has failed to present credible evidence to establish the necessary elements of his right to recover. The court must consider all evidence then before it in the light most favorable to the plaintiff and must concede to the plaintiff all favorable inferences that could reasonably be said to arise from that evidence. Only if, viewed in that light, the court determines that the matter is so overwhelmingly in favor of the defendant that no reasonable juror could find for the plaintiff, should the court direct a defendant's verdict.

*Id*. (citations omitted).

¶7. It is undisputed that, at the time of the accident, McCrory was driving Guy's truck, on which Guy performed the maintenance, and that Central Industries owned the trailer that was attached to the truck. However, at the first trial, the Smith County Circuit Court found that the Plaintiff failed to establish an agency relationship between the Co-Defendants and, thus, directed a verdict in favor of Central Industries. "Under the law of agency, a principal is bound by the actions of its agent within the scope of that agent's real or apparent authority." *Langham v. Behnen*, 39 So. 3d 970, 974-75 (¶10) (Miss. Ct. App. 2010).

4

"Apparent authority exists when a reasonably prudent person, having knowledge of the nature and the usages of the business involved, would be justified in supposing, based on the character of the duties entrusted to the agent, that the agent has the power he is assumed to have." *Barnes, Broom, Dallas & McLeod PLLC v. Estate of Cappaert*, 991 So. 2d 1209, 1212 (¶10) (Miss. 2008). To establish apparent authority, one must prove "(1) acts or conduct on the part of the principal indicating the agent's authority, (2) reasonable reliance on those acts, and (3) a detrimental change in position as a result of such reliance." *Langham*, 39 So. 3d at 975 (¶10).

¶8. Despite McFarlane's argument that Guy had an agreement with Central Industries to deliver their products using trailers owned and controlled by Central Industries, the circuit judge found that the only proof presented at the first trial was two contradicting statements from Guy regarding who paid his paychecks. Although McFarlane asserts that Central Industries had control over the inventory and weight of the trailer, the trailer was empty at the time of the accident, and Central Industries did not appear to have any control in the matter. As such, we agree with the circuit court that McFarlane failed to establish any agency relationship between Central Industries and its two Co-Defendants, and that directing the verdict was proper.

¶9. Next, McFarlane argued that the $100,000 verdict was not sufficient compensation to cover her damages. "It is primarily the province of the jury to determine the amount of damages to be awarded[,] and the award will normally not be set aside unless so unreasonable in amount as to strike mankind at first blush as being beyond all measure, unreasonable in amount and outrageous." *Burge v. Spiers*, 856 So. 2d 577, 580 (¶9) (Miss.

5

Ct. App. 2003). McFarlane introduced medical bills that totaled $37,227 at the first trial, and the jury trial resulted in a verdict of $100,000. It has been long held that "the jury is the trier of fact and determines the weight of the testimony and the credibility of the witnesses[,] at trial and it is the primary province of the jury to determine the amount of damages to award." *Quinn v. President Broadwater Hotel LLC*, 963 So. 2d 1204, 1209 (¶23) (Miss. Ct. App. 2007). We find that the jury award of $100,000 is fair and "is not so low as to shock the conscience." *Id*. at 1210 (¶24). We disagree with McFarlane that the $100,000 verdict from the first trial was inadequate, and we hereby reinstate it.

**CONCLUSION**

¶10. Because we find that the granting of the McFarlane's motion for a new trial was improper, Issues II, III, and IV that were raised in this appeal are moot. For the reasons stated, the order granting the new trial is reversed, and the original $100,000 verdict in favor of McFarlane against McCrory and Guy is reinstated.

¶11. **THE JUDGMENT OF THE CIRCUIT COURT OF SMITH COUNTY IS REVERSED AND RENDERED, AND THE ORIGINAL JUDGMENT IS REINSTATED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. IRVING, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**