BARNES, J.,
 

 for the Court:
 

 ¶ 1. This ease arises from an accident that occurred in Harrison County, Mississippi, in which Krista Rhodes was a passenger in a vehicle that was rear-ended at
 
 *917
 
 a stop light by Ronnie Raffeo. Rhodes filed suit against Raffeo for compensatory damages for injuries that allegedly resulted from the collision. Liability was admitted, and the only issued submitted to the jury was the amount of compensation. The jury awarded Rhodes $5,000. She filed a motion for new trial or, in the alternative, for an additur, and the motion was denied. Finding no error, we affirm.
 

 ¶ 2. The two issues on appeal are whether the verdict is against the overwhelming weight of the evidence, and whether the circuit judge’s decision to deny the motion for new trial or additur was an abuse of discretion.
 

 SUMMARY OF FACTS
 

 ¶ 3. On July 18, 2007, Rhodes was a passenger in a vehicle driven by her then husband, Eddie Rhodes.
 
 [1]
 
 Rhodes was six months pregnant at the time. She was taken by ambulance to the emergency room at Ocean Springs Hospital. Rhodes testified that her primary concern was the welfare and well-being of her unborn child. The emergency room records introduced at trial showed that she denied any neck pain, chest pain, shortness of breath, or other problems.
 

 ¶ 4. The only medical treatment that Rhodes received before the baby was born on November 8, 2007, was from her obstetrics and gynecology doctor (OB-GYN). On November 19, 2007, Rhodes saw her OB-GYN and reported “musculoskeletal pain from epidural site and extending down leg.” On cross-examination, Rhodes admitted that the back pain she had, and which she claimed left her unable to walk, only came after she had delivered the baby with the benefit of an epidural injection.
 

 ¶ 5. Rhodes received no other treatment from a doctor for any condition related to the accident. Ten months after the accident, Rhodes went to a chiropractor complaining that she had back pain and pain going down her leg. The chiropractor testified by deposition and stated that the accident “had something to do” with the back pain and radiating leg pain he treated. He testified that “within a reasonable degree of medical probability,” the accident caused her condition, and his charges were reasonable and related to the accident. Also on cross-examination, he admitted to “a reasonable degree of medical and/or chiropractic probability” that pregnancy and delivery with an epidural injection can cause back pain.
 

 ¶ 6. The bill for the ambulance was $715. The hospital emergency room bill was $909.01. The bill for the chiropractor was $3,214.
 

 STANDARD OF REVIEW
 

 117. It is well-settled law that when considering a trial judge’s denial of a motion for additur, this Court’s review is for an abuse of discretion.
 
 McClatchy Planting Co. v. Harris,
 
 807 So.2d 1266, 1270 (¶ 16) (Miss.Ct.App.2001). “The party seeking the additur bears the burden of proving his injuries, loss of income[,] and other damages.”
 
 Maddox v. Muirhead,
 
 738 So.2d 742, 743 (¶ 5) (Miss.1999).
 

 ¶ 8. Similarly, a motion for a new trial challenges the weight of the evidence and is reviewed under the abuse-of-discretion standard.
 
 Johnson v. St. Dominics-Jackson Mem’l Hosp.,
 
 967 So.2d 20, 23 (¶ 8) (Miss.2007). “When reviewing a denial of a motion for new trial based on an objection to the weight of the evidence, we
 
 *918
 
 will disturb a verdict only when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.”
 
 Bush v. State,
 
 895 So.2d 836, 844 (¶ 18) (Miss.2005).
 

 SUMMARY OF ARGUMENT
 

 ¶ 9. The law on the subject of addi-türs is stated within Mississippi Code Annotated section 11-1-55 (Rev.2002), which provides:
 

 The supreme court or any other court of record in a case in which money damages were awarded may overrule a motion for a new trial or affirm on direct or cross appeal, upon condition of an addi-tur or remittitur, if the court finds that the damages are excessive or inadequate for the reason that the jury or trier of fact was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of the evidence. If such additur or remittitur be not accepted[,] then the court may direct a new trial on damages only. If the additur or remittitur is accepted and the other party perfects a direct appeal, then the party accepting the additur or remittitur shall have the right to cross appeal for the purpose of reversing the action of the court in regard to the additur or remittitur.
 

 (Emphasis added).
 

 ¶ 10. The Mississippi Supreme Court has consistently held: “Awards set by jury are not merely advisory and generally will not be ‘set aside unless so unreasonable as to strike mankind at first blush as being beyond all measure, unreasonable in amount[,] and outrageous.’ ”
 
 Maddox,
 
 738 So.2d at 743 (¶ 5). The question of the adequacy of damages is one of the most perplexing questions with which reviewing courts struggle.
 
 Schoppe v. Applied Chems. Div., Mobley Co.,
 
 418 So.2d 833, 836 (Miss.1982) (citing
 
 Dickey v. Parham,
 
 295 So.2d 284, 285 (Miss.1974)). Additurs shall never be employed without great caution.
 
 Gibbs v. Banks,
 
 527 So.2d 658, 659 (Miss.1988).
 

 ¶ 11. Since liability was admitted, the only question for the jury was whether the chiropractor’s care and bill were part of the damages that were the result of the accident. Also, since the jury was not asked the basis of its award, it would be difficult or impossible for this Court to determine whether the chiropractor’s charges were awarded.
 

 ¶ 12. The amount of jury verdict was only $36.99 above the expenses of the ambulance, the hospital emergency room, and the chiropractor; thus, Rhodes’s motion for a new trial or additur and appeal were based on the premise that she was only awarded damages for pain and suffering in the amount of $36.99. However, it is just as reasonable to infer that the jury did not believe that the chiropractor’s care was related to the accident and only awarded her the ambulance and emergency room bills, with the remainder of the award for pain and suffering. Either way, this Court is called to enter into speculation about the jury award which is not the function of an appellate court.
 

 ¶ 13. Each case involving the issue of additur “must necessarily be decided on its own facts.”
 
 Leach v. Leach,
 
 597 So.2d 1295, 1297 (Miss.1992). “It is the jury [that] determines the weight of the testimony and the credibility of the witnesses at trial[,] and it is the primary province of the jury to determine the amount of damages to award.”
 
 Teasley v. Buford,
 
 876 So.2d 1070, 1075 (¶ 8) (Miss.Ct.App.2004) (citing
 
 Burge v. Spiers
 
 856 So.2d 577, 580 (¶ 9) (Miss.Ct.App.2003)).
 

 ¶ 14. As such, this Court cannot find that there was an abuse of discretion in
 
 *919
 
 the circuit judge’s denial of the motion for an additur. Accordingly, we must affirm.
 

 ¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.
 

 [1]
 

 . At the time of trial, Rhodes was divorced from Eddie and was using her maiden name, Goff. The Court is using Rhodes, since this is the name used in the initial complaint and on the orders that were entered by the circuit court.