# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-CA-00148-COA

**CLOYD GARTH JR.**                                             **APPELLANT**

**v.**

**RAPID OIL CHANGE INC.**                                        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/05/2024 |
| TRIAL JUDGE: | HON. TOMIKA HARRIS IRVING |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CARROLL RHODES |
| ATTORNEYS FOR APPELLEE: | JASON HOOD STRONG |
| | THOMAS RAY JULIAN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 05/05/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., LAWRENCE AND McCARTY, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     Cloyd Garth Jr. filed suit in the Copiah County Circuit Court against Rapid Oil Change Inc. after a tire on Garth's vehicle came off while he was driving on the highway, resulting in a single-car accident.  Garth alleged that Rapid Oil Change was negligent in failing to adequately tighten the lug nuts on the wheel of Garth's vehicle after a tire rotation, and this negligence proximately caused the accident that injured Garth and damaged his vehicle.

¶2.     Rapid Oil Change did not contest liability, and a trial was held on the issues of causation and damages.  The jury returned a verdict awarding Garth $2,500 in economic damages and $2,500 in non-economic damages.  Garth filed a motion for an additur, to alter

or amend the judgment, or, in the alternative, for a new trial on damages only.[1]  The trial court denied Garth's motion, and he appealed.

¶3.     On appeal, Garth argues that the trial court erred in granting Rapid Oil Change's motion in limine, preventing Garth from testifying that he was a preacher.  Garth also asserts that the trial court abused its discretion by denying Garth's motion for an additur or, in the alternative, for a new trial.

¶4.     After our review, we find no error; we therefore affirm the trial court's judgment.

**FACTS**

¶5.     In May 2019, Garth took his vehicle to Rapid Oil Change in Hazlehurst, Mississippi, to have the oil changed and tires rotated.  After Rapid Oil Change completed these services, Garth drove his vehicle back to the Hazlehurst City School District, where he was employed as the superintendent.  As Garth drove down the highway, his vehicle started shaking.  Suddenly, the front tire on the driver's side of Garth's vehicle came off, and the front of the vehicle dropped to the ground.  Garth claimed that the violent jerking and shaking of the vehicle as the tire fell off caused severe pain to Garth's lower back and neck.

¶6.     In December 2020, Garth filed a complaint against Rapid Oil Change asserting claims of negligence, negligence per se, and negligent infliction of emotional distress.  Garth claimed that he was entitled to $168,532 in damages, including $7,825.50 in medical bills for treatment related to injuries he suffered in the accident, and $18,532 for the value of his

---

[1] On appeal, Garth only addresses the trial court's denial of an additur and a new trial on the issue of damages.  Accordingly, we will refer to this post-trial motion as "a motion for additur or, in the alternative, a new trial."

vehicle that was destroyed in the accident.

¶7.     Garth eventually filed a motion for summary judgment on the issue of liability alone. Rapid Oil Change did not oppose the motion and admitted that its employee was negligent in failing to adequately tighten the lug nuts on the wheel of Garth's vehicle.  The trial court accordingly entered an agreed order granting summary judgment on liability alone.  The trial court then set a trial date on "the issues of causation and compensatory damages, if any, sustained by [Garth]."

¶8.     Rapid Oil Change filed a motion in limine in November 2024, requesting, in part, that the trial court prevent Garth from testifying "that he preaches at a church on weekends in the Aberdeen, Mississippi area."  Rapid Oil Change argued that Garth's status as a part-time minister is not relevant to "whether, and to what extent, [Garth] was injured in the subject incident and sustained damages."  Garth responded and argued that his testimony regarding how the accident affected his ability to perform physical tasks in his role as a minister is relevant and admissible.  The trial court granted Rapid Oil Change's motion in limine as to this issue and excluded Garth from testifying that he is a minister.

¶9.     At trial, the jury heard testimony from Garth; Dr. Billie King, a chiropractor who treated Garth after the accident; Andre Watson, Garth's coworker at the Hazlehurst City School District; Officer Reginald Robinson of the Hazlehurst Police Department, the officer who responded to the accident; and Dr. Eric Amundson, an expert in the field of neurosurgery.[2]  The trial court admitted into evidence Garth's medical records, medical bills,

---

[2] Dr. Amundson testified by video deposition.

3

chiropractic records, chiropractic bills, and massage therapy bills. The total bill for Garth's chiropractic treatment from Dr. King was approximately $2,748; the total bill for Garth's massage therapy was approximately $3,477.50; and the total bill from the services and CT scan from Copiah Medical Associates was approximately $1,600.

¶10. Garth testified that on the day of the accident, he picked up his vehicle from Rapid Oil Change and intended to drive back to work. Garth recalled that as he was driving down the highway, his vehicle began to shake. After Garth turned around and began driving back to Rapid Oil Change, the front driver's side tire suddenly fell off, and the front end of the vehicle dropped to the ground. Garth tried to control the vehicle and steer it to the shoulder of the road. Garth testified that prior to his tire falling off, he was driving approximately 30-45 miles per hour.

¶11. Garth explained that the shaking and the jerking of the vehicle as it hit the ground caused injuries to his neck, arm, and lower back. Garth admitted that he did not seek medical treatment on the same day as the accident because he had to attend a sports awards banquet at the high school in Hazlehurst. However, Garth explained that the pain progressively worsened, and he eventually sought treatment at a medical clinic a week later.

¶12. Watson, Garth's coworker, testified that Garth called him after the accident and asked Watson to come pick him up. Watson drove to Garth's location and observed Garth's vehicle stopped on the highway with the wheel off. Watson described Garth as shaken up and upset. Watson also testified that he observed Garth "stumble" as he walked.

¶13. Officer Robinson responded to the dispatch call regarding Garth's accident. Officer

Robinson testified that at the scene Garth told him that he was not injured.

¶14. Garth went to Copiah Medical Associates on May 24, 2019, a week after the accident, complaining of pain in his middle and lower back. Garth underwent a CT scan of his lumbar spine, which revealed that Garth's alignment appeared anatomical, with no fractures, dislocations, or any significant acute abnormalities.

¶15. When Garth's pain did not subside, he went to Dr. Billie King, a chiropractor, on November 18, 2019. At his first appointment with Dr. King, Garth reported experiencing pain in his lumbar spine and neck. Garth rated his back and neck pain as an eight on a scale of one to ten.

¶16. Dr. King testified that she first treated Garth on November 18, 2019, six months after the accident at issue. Dr. King treated Garth for approximately two months; his last appointment with Dr. King was on January 23, 2020. Dr. King testified that she evaluated Garth and performed various orthopedic and neurological tests to assess Garth's condition. Dr. King testified that the test results showed that Garth "had extensive trauma to his spine where his spine was out of alignment[,]" specifically in his neck and lower back. Dr. King opined that this finding correlates with the injuries Garth complained of after his accident. Dr. King adjusted Garth's spine and ordered several months of chiropractic adjustments. Dr. King also opined that based upon a reasonable degree of chiropractic probability, Garth was injured in the May 2019 accident at issue.

¶17. Rapid Oil Change called Dr. Amundson to testify as an expert in the field of neurosurgery. Dr. Amundson testified that he performed an independent medical

examination of Garth. During the examination, Garth complained of pain in his low back, neck, upper right extremity, and both lower extremities. Dr. Amundson testified that after examining Garth, he found no objective exam findings to support Garth's complaints of neck pain. Dr. Amundson explained that his examination of Garth revealed that Garth had a normal range of motion in his neck, which were "normal exam findings." As for Garth's complaint of lower back pain, Dr. Amundson testified that he found "no objective exam findings that would support his complaints."

¶18. Dr. Amundson also reviewed Garth's chiropractic and medical records, including his CT scan results. Dr. Amundson testified that he found inconsistencies in Dr. King's chiropractic notes and the information that Garth provided to Dr. Amundson during his examination regarding the details of the accident and the onset of Garth's pain. Dr. Amundson further testified that Garth's CT scan demonstrated no abnormalities, fractures, or anything else that would support Garth's complaint of pain.

¶19. After examining Garth and reviewing his medical and chiropractic records, Dr. Amundson found nothing, from an objective standpoint, that demonstrated Garth suffered any injuries in the May 2019 accident. Dr. Amundson testified that in his professional opinion, based on a reasonable degree of medical probability, Garth did not sustain an injury to his neck or low back as a result of the May 2019 accident.

¶20. The jury also heard testimony about how Garth's pain currently affects his life. Garth testified that his pain negatively affects his work and his sleep, explaining that as a result of the pain and discomfort, he is able to sleep only about three hours a night. Garth testified

that his chiropractic treatments from Dr. King helped his pain. However, Garth stated that he could not continue to attend his chiropractic appointments because they conflicted with his work schedule. Garth testified that he performs the prescribed home exercises and also gets massages, which help with the pain.

¶21. During closing argument, Garth asked the jury to award him a total of $7,725 in economic damages and $150,000 in non-economic damages. Rapid Oil Change's counsel argued that if the jury found Garth sustained injuries in the accident, then the jury should award him damages only for the medical expenses Garth incurred within six weeks of the accident. Rapid Oil Change's counsel suggested that a reasonable award of damages would be $2,000 in economic damages and $3,000 in non-economic damages.

¶22. After hearing testimony and reviewing the evidence, the jury returned a verdict awarding Garth $2,500 in non-economic damages and $2,500 in economic damages. The trial court then entered a final judgment in favor of Garth "in the total amount of [$5,000]."

¶23. Garth filed a motion for an additur or, in the alternative, for a new trial.[3] The trial court entered an order denying Garth's motion after finding that the jury's verdict awarding damages was not influenced by bias, prejudice, or passion and that the amount of damages was not contrary to the overwhelming weight of the credible evidence. The trial court

---

[3] In his post-trial motion, Garth asserted the evidence at trial showed that he "incurred and paid" $4,348 in past medical and chiropractic bills, and he was expected to incur an additional $2,264 in future chiropractic bills, for a total of $6,612 in medical and chiropractic bills. Garth also stated that he spent $2,782 in massage therapy bills. Garth submitted that the total amount of past and future medical, chiropractic, and related bills amounts to $9,394. However, in his appellant's brief, Garth recalculates the total amount as $9,392.

explained that Rapid Oil Change "presented testimony and evidence to refute the necessity and reasonableness of [Garth's] medical treatment, chiropractic treatment, massage treatment" and the related expenses.

¶24. After the denial of Garth's post-trial motion, this appeal followed.

## DISCUSSION

### I.     Motion in Limine

¶25. Garth first argues that the trial court abused its discretion in granting Rapid Oil Change's motion in limine to exclude Garth from testifying that he works part-time as a minister. Garth maintains that this testimony was relevant to show how the injuries he suffered in the accident affected his job as a minister.

¶26. We review a trial court's ruling on a motion in limine for an abuse of discretion. *Moore v. Miss. Farm Bureau Cas. Ins. Co.*, 387 So. 3d 1019, 1024 (¶17) (Miss. Ct. App. 2023). In reviewing a trial court's grant of a motion in limine, we will find no abuse of discretion "if the court determines that (1) the material or evidence in question will be inadmissible at trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury." *Ware v. Entergy Miss. Inc.*, 887 So. 2d 763, 766 (¶6) (Miss. 2003). This Court will only reverse a trial court's exclusion of evidence where the ruling "result[s] in prejudice and harm[s] or adversely affect[s] a party's substantial right." *Goodyear Tire & Rubber Co. v. Kirby*, 156 So. 3d 281, 298 (¶41) (Miss. Ct. App. 2009).

¶27. At the time of the accident, Garth was employed as the superintendent of the

Hazlehurst City School District. At his deposition, Garth testified that he also preached at a church in West Point on the weekends. Rapid Oil Change filed a motion in limine seeking, in part, to prevent Garth from testifying at trial that he worked as a part-time minister. Rapid Oil Change asserted that Garth's position as a part-time minister was not relevant to the issues being tried and was also inadmissible under the balancing test of Mississippi Rule of Evidence 403. Garth opposed the motion and argued that his testimony was relevant to show how his injuries affected his ability to perform his jobs and his loss of enjoyment of life.

¶28. The trial court entered an order granting the motion as to Garth's testimony that he was a minister. The trial court cited Mississippi Rules of Evidence 401, 402, and 403 and determined that Garth's testimony was not relevant to the issues on trial (causation and any compensatory damages) because Garth's position as a minister would not "make a fact more or less probable than it would be without the evidence," and it is not "of consequence in determining the case." The trial court accordingly held that Garth would not be permitted to testify that he was a minister. *See* MRE 402 ("Irrelevant evidence is not admissible."). The trial court clarified, however, that Garth "may testify regarding how the injuries have affected his life, including driving."

¶29. Rule 401 defines evidence as "relevant" when "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the case." MRE 401. We recognize that "[t]he trial court enjoys substantial deference when determining matters of relevance." *Hughes v. State*, 735 So. 2d 238, 274 (¶164) (Miss. 1999). As stated, we will only reverse a trial court's exclusion of

9

evidence where the ruling "result[s] in prejudice and harm[s] or adversely affect[s] a party's substantial right." *Goodyear Tire & Rubber Co.*, 156 So. 3d at 298 (¶41).

¶30.    In his complaint, Garth claimed that he was entitled to $168,532 in damages, which included damages for "past, present and future physical pain, emotional distress, embarrassment and humiliation, and loss of enjoyment of life[.]" Garth argues his testimony that he was a minister was relevant to show how his injuries affected his ability to perform his jobs and his loss of enjoyment of life. We agree that this testimony was relevant to Garth's claim for damages for loss of enjoyment of life. Evidence regarding a plaintiff's daily life activities is relevant to his claim for damages for loss of enjoyment of life. *Clark v. Deakle*, 800 So. 2d 1227, 1232 (¶¶19-20) (Miss. Ct. App. 2001). The trial court therefore erred in excluding Garth's testimony that he was a minister.

¶31.    However, based on the facts of the case before us, we find that this error was harmless. *See Rogers v. Thames*, 309 So. 3d 1154, 1161 (¶¶15-16) (Miss. Ct. App. 2021). As stated, the trial court clarified in its order that while Garth could not expressly state that he was a minister, he could still testify as to how his injuries affected his life. Accordingly, we do not find that the trial court's exclusion of Garth's testimony that he was a minister resulted in any prejudice or harm to Garth, or adversely affected his substantial right. We therefore find no reversible error in the trial court's grant of Rapid Oil Change's motion in limine.

## II.    Motion for an Additur or a New Trial on Damages Only

¶32.    Garth next argues that the jury's verdict awarding him $2,500 in economic damages

10

and $2,500 in non-economic damages was contrary to the overwhelming weight of the credible evidence. Garth also asserts that the jury's verdict was influenced by bias, prejudice, or passion.[4] Garth therefore argues that the trial court abused its discretion by denying his motion for an additur or, in the alternative, for a new trial on damages.

¶33. The Mississippi Supreme Court has explained that "[a]ny party aggrieved by the amount of damages awarded pursuant to a jury verdict may file a motion for an additur or remittitur." *Dedeaux v. Pellerin Laundry Inc.*, 947 So. 2d 900, 908 (¶16) (Miss. 2007). Pursuant to Mississippi Code Annotated section 11-1-55 (Rev. 2019), a trial judge has the authority to grant an additur "if the court finds that the damages are excessive or inadequate for the reason that the jury or trier of the facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence." Miss. Code Ann. § 11-1-55. Garth, as the party seeking the additur, bears the burden of proving his injuries and damages. *Quinn v. President Broadwater Hotel LLC*, 963 So. 2d 1204, 1206 (¶6) (Miss. Ct. App. 2007). "In determining whether this burden is met, this Court must view the evidence in the light most favorable to the defendant, giving that party all favorable inferences that reasonably may be drawn therefrom." *Id*. (quoting *Rodgers v. Pascagoula Public School Dist.*, 611 So. 2d 942, 945 (Miss. 1992)). We recognize that "[a]wards fixed by jury determination are not merely advisory and will not

---

[4] In his appellant's brief, Garth asserts that Rapid Oil Change's counsel "belittled" Dr. King at trial by referring to her as "Ms. King," and he claims that this belittlement affected how the jurors viewed the testimony of Dr. King, chiropractor, compared to Dr. Amundson, a neurosurgeon. However, Garth did not raise this argument before the trial court; therefore, we will not address it for the first time on appeal. *Anderson v. LaVere*, 136 So. 3d 404, 410 (¶27) (Miss. 2014).

under the general rule be set aside unless so unreasonable in amount as to strike mankind at first blush as being beyond all measure, unreasonable in amount and outrageous." *Stockett v. Classic Manor Builders Inc*., 226 So. 3d 620, 624 (¶12) (Miss. Ct. App. 2017) (quoting *Rodgers*, 611 So. 2d at 945).

¶34. We review a trial court's denial of a motion for an additur for an abuse of discretion. *Rhodes v. Raffeo*, 74 So. 3d 915, 917 (¶7) (Miss. Ct. App. 2011). "Similarly, a motion for a new trial challenges the weight of the evidence and is reviewed under the abuse-of-discretion standard." *Id*. at 917-18 (¶8). "As such, we give substantial weight, deference, and respect to the decision of the trial judge." *Stockett*, 226 So. 3d at 625 (¶20) (internal quotation marks omitted).

¶35. As stated, Rapid Oil Change admitted liability, and the only questions for the jury were causation and damages, if any. Our review of the testimony and evidence shows that Garth and Rapid Oil Change presented conflicting evidence on the causation of Garth's injuries as well as the amount of damages. "When evidence is in conflict, the jury is the sole judge of both the credibility of a witness and the weight of his testimony." *Walker v. Gann*, 955 So. 2d 920, 934 (¶47) (Miss. Ct. App. 2007). At trial, Garth testified that he sustained injuries to his lower back and neck as a result of the accident. However, Officer Robinson testified that when he arrived at the scene of the accident, Garth told him that he was not injured. Garth also testified that he went to a school event after the accident and that he did not seek medical attention until approximately a week later. Garth's medical, chiropractic, and massage therapy records were admitted into evidence for the jury to review. Dr. King,

12

who evaluated Garth and provided chiropractic treatment to him for approximately two months, testified that based upon a reasonable degree of chiropractic probability, Garth was injured in the May 2019 accident at issue. Dr. Amundson, a neurosurgeon, also examined and evaluated Garth and reviewed his medical and chiropractic records. Dr. Amundson testified that he found no objective examination findings to support Garth's complaints of neck and back pain, and he opined, based on a reasonable degree of medical probability, that Garth did not sustain an injury to his neck or low back as a result of the May 2019 accident. After considering the evidence and testimony, the jury concluded that Garth was entitled to $2,500 in economic damages and $2,500 in non-economic damages, amounting to $5,000 in total damages.

¶36. In his motion for an additur or, in the alternative, a new trial, Garth argued that the jury's verdict awarding him economic and non-economic damages showed that the jury found in favor of Garth, including that the accident was the proximate cause of Garth's injuries and damages. Garth submitted that the evidence and testimony showed that he was entitled to approximately $9,394 in non-economic damages; therefore, he argues the jury's award of damages in a lesser amount was so grossly inadequate and against the overwhelming weight of the evidence as to evidence bias, passion, and prejudice by the jury.

¶37. However, the trial transcript reflects that during closing argument, Rapid Oil Change admitted that at most, it was only liable for the medical bills Garth incurred within six weeks of the accident, which was $1,600 from Copiah Medical Associates. Rapid Oil Change accordingly suggested that an award of $2,000 in economic damages and $3,000 in

13

non-economic damages—for a total of $5,000—would be reasonable. The jury returned a verdict awarding Garth a total of $5,000 in damages.

¶38. After reviewing the evidence and testimony, we find that the jury could have reasonably inferred that Garth's chiropractic and massage therapy bills were not related to the May 2019 accident, and therefore the jury awarded Garth damages only for the medical bills he incurred from Copiah Medical Associates, as well as for pain and suffering during that time. "As the fact-finder, the jury in this case was entitled to believe whomever it found to be most credible." *Walker*, 955 So. 2d at 934 (¶47). Additionally, "it is the primary province of the jury to determine the amount of damages to award." *Teasley v. Buford*, 876 So. 2d 1070, 1075 (¶8) (Miss. Ct. App. 2004).

¶39. When viewing the evidence in the light most favorable to Rapid Oil Change, we find that the record contains substantial and credible evidence to support the jury's verdict and that the jury's verdict is not against the overwhelming weight of the evidence. We also find that the jury's award of damages does not indicate bias, prejudice, or passion on the part of the jury. Accordingly, the trial court did not abuse its discretion in denying Garth's motion for an additur or, in the alternative, a new trial.

## CONCLUSION

¶40. For the reasons set forth above, we find that the trial court erred in granting Rapid Oil Change's motion in limine; however, based on the facts of this case, such error was harmless. We also find that the trial court did not abuse its discretion by denying Garth's motion for an additur or, in the alternative, for a new trial. We therefore affirm the trial court's

14

judgment.

¶41.    **AFFIRMED.**

    **BARNES, C.J., WILSON, P.J., LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. WESTBROOKS, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. McDONALD, J., NOT PARTICIPATING.**